DAVID S. BEACH vs. THE TRAVELERS INSURANCE
COMPANY.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

Unless otherwise directed therein, a judgment of this court awarding a
    new trial carries with it the right to the full taxable costs of this
    court. These include $3 entry fee, $10 judgment fee, $1 for record-
    ing judgment, $20 to the prevailing party, and not exceeding $15
    for printing briefs. The record fee of $25 must await and follow
    the final judgment of the trial court, in which it will be taxed.

Argued October 23d, 1900—decided January 3d, 1901.

APPEAL by each party from the taxation of costs upon the
judgment entered up in this court in favor of the defendant,
as heretofore directed (*ante*, p. 118). The costs taxed by the
clerk were as follows : entry fee, $3 ; judgment fee, $10 ; re-
cording judgment file, $1 ; attorney fee for services, $20 ;
printing briefs, $15 ; total, $49. *Taxation affirmed.*

*Daniel Davenport*, for the plaintiff.

*Stiles Judson, Jr.*, for the defendant.

PER CURIAM. Neither party has any ground of exception
to the taxation of costs made by the clerk.

The record fee will only be taxable in favor of the appellant,
in the judgment of the Superior Court which may be finally
rendered in the cause, provided that judgment be in its favor.

General Statutes, § 833, in which is found the original pro-
vision for the taxation of a record fee, plainly made it taxable
in the court in which the cause was finally disposed of.

If this court remanded the cause for further proceedings,
such final disposition of it could only be made by the court
below, and there only could the record fee be taxed. The
statute apparently contemplated its taxation in favor of the
prevailing party, and his payment of it, when collected by

him, to the clerk of the court out of which the execution was issued.

Public Acts of 1897, p. 894, § 28, provides that when this court remands a cause for a new trial, the whole costs of the cause, except those accruing in this court, shall be taxed in favor of the prevailing party, but those in this court shall be taxed in favor of the plaintiff in error or appellant, except that the fee of $20 to the prevailing party in this court, and that for the expense of printing briefs, shall be in the discretion of this court.

The discretion thus vested in this court can only be exercised in the judgment which it pronounces upon the remand; for after the remand the cause is no longer before it. Therefore the General Assembly must have intended that the judgment of this court awarding a new trial should include a taxation of the costs of this court. Such a taxation must necessarily be a final one, between the parties. No other court could vary its items or amount.

The several items of the costs taxed in favor of the appellant in the judgment of this court entered by the clerk in this cause were properly allowed.

The record fee was properly excluded. Public Acts of 1897, p. 874, Chap. 176, made no change in this respect, as to appeals resulting in a new trial. As to any such action, the words in the Act, " provided judgment is finally rendered in his favor," refer to such a judgment as may be rendered on the new trial by the court below.

Counsel for each party have cited and relied on *Magoohan* v. *Curran*, 71 Conn. 551, 750. In that case the appellant sued in the lower court for a large sum and recovered a small one. He was the prevailing party only in name. He lost his cause in this court, nor, within the meaning of the statutes as to costs on appeal, was judgment finally rendered in his favor in the court below.

The taxation is affirmed.