EMILY SHAKER, ADMX.
*vs.*
GEORGE SHAKER ET AL.

Superior Court          Fairfield County          File No. 60234

MEMORANDUM FILED SEPTEMBER 23, 1943.

*William Hanna,* of Danbury, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendant.

O'SULLIVAN, J.   There are two sets of costs involved in this appeal, the first being that of the Supreme Court of Errors,

the other, that of the Superior Court. Of the former, only this need be said: an appeal from the taxation of costs' in that court does not run to the Superior Court for reasons which are obvious. The proper course is discussed by the Chief Justice in section 184 of his work on appellate procedure. *See, also, Beach vs. Travelers Insurance Co.,* 73 Conn. 475. Hence, the appeal from the taxation of Supreme Court costs is dismissed.

An appeal to the Superior Court is proper, however, whenever a dispute arises over the amount or the items of costs taxed by the clerk in favor of one successful in this court. As the defendant was the prevailing party, the judgment in his favor carried with it a right to certain costs allowable by statute. These costs were incidental to the judgment and only the ministerial act of the clerk in tallying what he believed to be the correct items was necessary to complete the formal judgment file.

A clerk's duty, in respect to the matter now under consideration is to tax costs when a request has been properly made by counsel of record, rather than to determine justiciable questions. For, it appears that when counsel for the parties presented themselves before him he was advised by the plaintiff's counsel that the defendant did not wish costs taxed in his favor. In this State, costs belong to the party, not to the attorney, unless there is an agreement to the contrary. *Erickson vs. Foote,* 112 Conn. 662, 666; Annotation 22 A.L.R. 1203. This being so, the party may waive his right to them, though this waiver, it would seem to me, requires something in addition to an oral statement of the waiving party's opponent, and certainly its existence is not within the province of the clerk to determine, when the question is raised.

Hence, the clerk is justified in taxing the costs and the appeal must be dismissed. If counsel for the defendant should try to enforce this judgment, different legal machinery must be employed in an attempt to restrain such action. The matter will then come before the court to ascertain whether the costs were, in fact, waived and if so, whether such waiver is binding on his attorney who though defending him, is actually in the employ of an insurer.

Both appeals are dismissed.