## HARRIET HALL *v.* DAVID C. HALL ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 026165
LITCHFIELD

Memorandum filed May 22, 1979

*Feeley, Nichols, McDermott & Kernay,* for the plaintiff.

*Thomas L. Brayton,* for the named defendant.

*Frankl & Dahlmeyer* and *Stephen B. Alderman,* for the defendant Allen Wood.

COVELLO, J. In this action the plaintiff sought damages for personal injuries sustained as the result of an automobile collision. On November 21, 1978, the defendants filed with the court an offer of

judgment[1] pursuant to § 342 of the 1978 Practice Book.[2] The $24,000 offer was not accepted and the matter was thereafter tried to a jury. On November 29, 1978, the jury returned a verdict in favor of the plaintiff to recover $10,000. On December 28, 1978, the plaintiff filed a bill of costs to which the defendants took exception and, on April 9, 1979, the chief clerk taxed the costs in accordance with § 412 of the 1978 Pratice Book.[3] From this taxation of costs the plaintiff has appealed.

Examination of the record discloses that since the verdict was less than the offer of judgment, the clerk has only allowed the recovery of costs accrued to the time of the defendants' offer of judgment pursuant to Practice Book, 1978, § 344.[4] The plaintiff contends that since the offer of judgment was for

---

[1] The offer of judgment read as follows: "The defendants agree to accept judgment in the amount of Twenty Four Thousand Dollars ($24,000), without costs, payable Sixteen Thousand Dollars ($16,000) by David Hall and Eight Thousand Dollars ($8,000) by Allen Wood."

[2] Practice Book, 1978, § 342, entitled "[Offer of Judgment by Defendant]—How Made," provides: "In any action on contract, or for the recovery of money only, the defendant may before any evidence is offered at the trial file with the clerk of the court a written notice signed by him or his attorney, directed to the plaintiff or his attorney, offering to allow the plaintiff to take judgment for the sum named in such notice."

[3] "[Practice Book, 1978] Sec. 412. TAXATION OF COSTS; APPEAL. Bills of costs in civil cases may be taxed by the clerk or assistant clerk, but reasonable notice shall be given to the adverse party, or his attorney, to be present at the taxation, if the appearance of such party be entered on the docket. Either party may appeal from such taxation to the court, if in session; otherwise, to any judge thereof."

[4] "[Practice Book, 1978] Sec. 344. —OFFER NOT ACCEPTED. If the plaintiff does not, within said time and before any evidence is offered at the trial, file his notice of acceptance, such offer shall be deemed to be withdrawn and shall not be given in evidence; and the plaintiff, unless he recovers more than the sum named in such offer, with interest from its date, *shall recover no costs accruing after he received notice of the filing of such offer*, but shall pay the defendant's costs accruing after said time. The provisions of this section shall not apply to cases in which nominal damages have been assessed upon a hearing after a default or after a motion to strike has been denied." (Emphasis added.)

"Twenty Four Thousand Dollars ($24,000), without costs . . . ," it did not comply with the provisions of § 343 of the 1978 Practice Book, which authorizes, upon acceptance of the offer, the entry of judgment "for the sum so named and *for the costs accrued* at the time of the defendant's giving the plaintiff notice of such offer. . . ." (Emphasis added.)[5] The plaintiff thus contends that the form of the offer of judgment was defective and that it was therefore ineffective.

While § 343 of the Practice Book authorizes the recovery of costs accruing to the time of acceptance of the defendants' offer of judgment, there is no mention of costs in § 342 of the Practice Book, which specifies how the offer of judgment is to be made. See footnote 2, supra. Further, the Practice Book articulates no specific form for the content of an offer of judgment, nor is there any significant body of case law determinative of the issue. It is noted, however, that "[a]n acceptance [of an offer of judgment] requires the court to render judgment *for the specified amount* against the defendant *and* for the costs accrued at the time the defendant gives the plaintiff notice of the offer." *Krawiec* v. *Kraft,* 163 Conn. 445, 449. (Emphasis added.) This language suggests that the specified amount does not include the costs, which are a separate element thereafter to be taxed by the court.

---

[5] "[Practice Book, 1978] Sec. 343. —ACCEPTANCE OF OFFER. The plaintiff may, within ten days after being notified by the defendant of the filing of such offer, file with the clerk of the court a written acceptance of such offer signed by himself or his attorney. Such written acceptance being filed, the court shall render judgment against the defendant as upon default *for the sum so named and for the costs accrued at the time of the defendant's giving the plaintiff notice of such offer.* No trial shall be postponed because the period within which the plaintiff may accept such offer has not expired, except at the discretion of the court." (Emphasis added.)

In view of the foregoing, the court concludes that the inclusion of the words "without costs" did not nullify the fair import of the defendants' offer of judgment. Since the subsequent verdict was returned in an amount less than that of the offer of judgment, the costs were properly suspended after notice to the plaintiff of the filing of such an offer.

The order of the clerk is sustained and the appeal is dismissed.