ANNE FUKELMAN *v.* CITY OF MIDDLETOWN
(2235)

BORDEN, FRACASSE and NORCOTT, Js.

Argued February 28—decision released May 14, 1985

*Francis O'Neill,* city attorney, for the appellant (defendant).

*William C. Galligan,* for the appellee (plaintiff).

FRACASSE, J. The plaintiff instituted this action against the defendant city pursuant to General Statutes § 13a-149 for injuries sustained as a result of a fall upon a defective sidewalk. The trial court rendered judgment awarding the plaintiff damages plus costs. The defendant appealed, claiming that the trial court erred: (1) in concluding that the defendant had con-

structive notice of the defect; (2) in concluding that the defect was the sole proximate cause of the injuries; (3) in accepting the testimony of the plaintiff's doctor; and (4) in awarding costs.

The first, second and third claims of error attack the trial court's findings of fact. Questions of fact are to be determined solely by the trial court. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Connecticut National Bank* v. *Nagy,* 2 Conn. App. 448, 449, 479 A.2d 1224 (1984). The weight given the evidence and the credibility of the witnesses are likewise within the province of that court. *Dubicki* v. *Dubicki,* 186 Conn. 709, 713, 443 A.2d 1268 (1982). "This court will not reverse the decision of the trial court unless it is found to be 'clearly erroneous in light of the evidence and the pleadings in the record as a whole.' *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); see Practice Book § 3060D." *Contoura Business Products, Inc.* v. *TLD, Inc.,* 1 Conn. App. 690, 692, 474 A.2d 1265 (1984), quoting *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983). A review of the memorandum of decision and the record indicates that the court's conclusions are legally and logically correct and are supported by the facts set out in the memorandum of decision. The facts set out in the memorandum are supported by the evidence, and, on the basis of the whole record, those facts are not clearly erroneous.

As to the fourth claim of error, the defendant asserts that costs may not be taxed against a municipality in the absence of statutory authority.

During oral argument, the plaintiff represented that a bill of costs was presented to the clerk, who has not yet taxed costs. Although the procedure for taxing costs as provided by Practice Book § 412 has not been fol-

lowed in this case, this fourth claim of error will be considered, in the interests of judicial economy, the parties having fully briefed the claim.

Costs which are taxable in civil actions are fixed by statute. General Statutes § 52-257; *Verrastro* v. *Sivertsen,* 188 Conn. 213, 217, 448 A.2d 1344 (1982). Contrary to the defendant's claim, a municipality is not exempt from the taxation of costs, as is the state. Costs cannot be taxed against the state in the absence of a statute specifically allowing such taxation. *State* v. *Chapman,* 176 Conn. 362, 366, 407 A.2d 987 (1978). This rule is based on the principle of sovereign immunity of the state. Unlike the state, a municipality has no sovereign immunity. *Murphy* v. *Ives,* 151 Conn. 259, 264, 196 A.2d 596 (1963).

In the absence of a specific statutory exception or prohibition, General Statutes § 52-257 applies to the defendant. There is no such exception in General Statutes § 52-257 or in General Statutes § 13a-149, pursuant to which this action was brought. In comparison, General Statutes § 13a-144, which permits similar actions against the state for damages sustained on a state highway, bridge or sidewalk, specifically states that "no costs or judgment fee in any such action shall be taxed against the defendant." We conclude that costs may properly be taxed against the defendant municipality in an action brought pursuant to General Statutes § 13a-149.

There is no error; costs shall be taxed in accordance with this opinion.

In this opinion the other judges concurred.