ANNA RODZIEWICZ *v.* HAROLD R. GIGUERE
(3144)

HULL, DALY and D. DORSEY, Js.

Argued June 17—decision released September 17, 1985

*John A. Barbieri,* for the appellant (defendant).

*Andre M. Kocay,* with whom, on the brief, was *John Zisk,* for the appellee (plaintiff).

D. DORSEY, J. The plaintiff instituted this action seeking the return of money paid for the purchase of stock in a corporation. The trial court rendered judgment awarding the plaintiff damages plus costs. The defendant appealed, claiming the trial court erred in finding (1) that there was a failure of consideration with reference to the agreement between the parties, (2) that the agreement between the parties obligated the defendant to form the corporation prior to obligating the plaintiff to tender the balance of the purchase price, (3) that the corporation was never formed, (4) that the defendant, despite his promise to do so, was unwilling or unable to transfer one third of the stock of the proposed corporation within sixty days of December 30, 1976.

The pleadings indicate that the defendant admitted that he and the plaintiff had agreed, in writing, that the plaintiff would purchase from him an interest in the defendant's corporation, Industrial Blower Works, for a total price of $15,000 and that the plaintiff had paid to the defendant the sum of $2000 as a down payment. The defendant also admitted that he did not deliver any stock to the plaintiff although she requested him to do so and that he never returned the plaintiff's deposit to her.

The defendant contended, in his second special defense, that the action was barred by the statute of limitations. General Statutes § 52-576. The thrust of the defendant's first special defense was that since the plaintiff had not paid the balance of $13,000 within sixty days of December 30, 1976, she was not entitled to the stock or to a refund.

The court found that the defendant accepted $2000 from the plaintiff toward the purchase of one third of the stock in a corporation to be formed by the defendant. The name of the corporation to be formed would be Northern Industrial Blower Works. Under the terms of the agreement, the plaintiff was to pay an additional $13,000 within sixty days of the date of December 30, 1976, and the defendant was to transfer to the plaintiff stock representing a one third interest in said corporation. The court found that the defendant did not form the corporation and did not transfer any stock to the plaintiff. The court further found that the plaintiff made a demand for the $2000 but that the defendant refused to return said sum to the plaintiff. The court found that the contract was entered into on December 30, 1976, with performance on the agreement to be accomplished within sixty days. Since the action was commenced on February 3, 1983, it was commenced within the time limit set forth in General Statutes § 52-576.

Upon this state of facts found, the court concluded that the defendant's consideration for the plaintiff's promise to pay an additional $13,000 was a promise to furnish stock to the plaintiff within sixty days of December 30, 1976. The defendant abandoned the idea of forming this corporation and therefore the plaintiff was entitled to the return of her money. Where the enterprise has been wholly abandoned, a refusal or failure to issue the stock subscribed for or inability to issue it will constitute a failure of consideration. *Cramer* v. *Burnham,* 107 Conn. 216, 222–23, 140 A. 477 (1928).

All of the defendant's claims of error attack the trial court's findings of fact. Questions of fact are to be determined solely by the trial court. *Appliances, Inc.* v. *Yost,* 186 Conn. 673, 676–77, 443 A.2d 486 (1982); *Fukelman* v. *Middletown,* 4 Conn. App. 30, 31, 492 A.2d 214 (1985); *Connecticut National Bank* v. *Nagy,* 2 Conn. App. 448, 449, 479 A.2d 1224 (1984). The weight given the evidence and the credibility of the witnesses are likewise within the province of that court. *Dubicki* v. *Dubicki,* 186 Conn. 709, 713, 443 A.2d 1268 (1982). "This court will not reverse the decision of the trial court unless it is found to be 'clearly erroneous in light of the evidence and the pleadings in the record as a whole.' *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); see Practice Book § 3060D." *Contoura Business Products, Inc.* v. *TLD, Inc.,* 1 Conn. App. 690, 692, 474 A.2d 1265 (1984), quoting *Jones* v. *Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983), cert. denied, 192 Conn. 802, 470 A.2d 1218 (1984).

"A contract is to be construed according to what may be assumed to have been the understanding and intention of the parties." *Lar-Rob Bus Corporation* v. *Fairfield,* 170 Conn. 397, 406–407, 365 A.2d 1086 (1976). "The interpretation of . . . contracts, is principally

a question of the intention of the contracting parties, a question of fact to be determined by the trier of facts." *Monroe Ready Mix Concrete, Inc.* v. *Westcor Development Corporation,* 183 Conn. 348, 351, 439 A.2d 362 (1981).

"A review of the memorandum of decision and the record indicates that the court's conclusions are legally and logically correct and are supported by the facts set out in the memorandum of decision. The facts set out in the memorandum are supported by the evidence, and upon the whole record those facts are not clearly erroneous." *Fukelman* v. *Middletown,* supra.

There is no error.

In this opinion the other judges concurred.