## Timothy G. Birmingham *v.* Richard Kielczewski
## (6520)

Borden, Daly and O'Connell, Js.

*(One judge dissenting)*
Argued October 12—decision released December 27, 1983

*Joseph Dieso,* for the appellant (defendant).

*Brian G. Enright,* with whom, on the brief, was *Vincent T. McManus, Jr.,* for the appellee (plaintiff).

Daly, J. This is an appeal by the defendant from a judgment of the trial court disallowing the defendant's bill of costs and approving the plaintiff's bill of costs.[1]

---

[1] Practice Book § 412 provides in part: "Bills of costs in civil cases may be taxed by the clerk . . . . Either party may appeal from such taxation to the court." This section was bypassed by the parties since the clerk made no such taxation. We do not countenance this procedure, and suggest that the trial court could have refused to consider the issue of costs because

This appeal involves consideration of General Statutes § 52-193[2] and Practice Book § 342,[3] both of which govern an offer of judgment by a defendant. The defendant's sole claim is that the trial court erred when it disallowed his bill of costs despite the fact that he had filed an offer of judgment in excess of the jury's verdict prior to the introduction of evidence at trial. See Practice Book § 342. We find error.

The following facts are relevant to this appeal. On July 15, 1987, this action was called to trial and a jury selected. At approximately 10 a.m. the next morning, prior to the jury's being sworn in, the defendant filed an offer of judgment for $5000. The plaintiff did not accept the offer. The jury ultimately returned a verdict in favor of the plaintiff, awarding him $2453.33. The trial court accepted the verdict, dismissed the jury and ruled that the defendant's offer of judgment was untimely under General Statutes § 52-193.

The defendant filed a motion for bill of costs, pursuant to Practice Book § 344,[4] requesting the court to

of the failure of the parties to follow Practice Book § 412. Nonetheless, we consider the issue in the interests of judicial economy, because the trial court had the ultimate authority to make the determination regarding costs. See *Fukelman* v. *Middletown,* 4 Conn. App. 30, 31–32, 492 A.2d 214 (1985).

[2] General Statutes § 52-193 provides in part: "In any action on contract, or for the recovery of money only, the defendant may *before trial* file with the clerk of the court a written notice . . . offering to allow the plaintiff to take judgment for the sum named in such notice." (Emphasis added.)

[3] Practice Book § 342 provides in part: "In any action on contract, or for the recovery of money only, the defendant may *before any evidence is offered at the trial* file with the clerk of the court a written notice . . . offering to allow the plaintiff to take judgment for the sum named in such notice." (Emphasis added.)

[4] Practice Book § 344 provides in part: "If the plaintiff does not, within said time and before any evidence is offered at the trial, file his notice of acceptance, such offer shall be deemed to be withdrawn and shall not be given in evidence; and the plaintiff, unless he recovers more than the sum named in such offer, with interest from its date, shall recover no costs accruing after he received notice of the filing of such offer, but shall pay the defendant's costs accruing after said time."

review its ruling on the offer of judgment and seeking reimbursement for those costs that accrued subsequent to the filing of the offer of judgment. The plaintiff filed an objection to the motion and filed his own bill of costs for all costs that accrued as a result of the trial. The defendant filed an objection to those costs that the plaintiff incurred subsequent to the filing of the offer of judgment.

The trial court held that, because the defendant's offer of judgment was untimely under General Statutes § 52-193,[5] the defendant was not entitled to reimbursement for any costs and the plaintiff was entitled to reimbursement for all of his costs. This appeal ensued.

Prior to 1978, both § 274 of the Practice Book (now Practice Book § 342) and General Statutes § 52-193 provided that a defendant's offer of judgment was to be made *before trial.* In *Krawiec* v. *Kraft,* 163 Conn. 445, 448, 311 A.2d 82 (1972), our Supreme Court interpreted before trial, in a jury trial, to mean before the impaneling of the jury, and the court indicated that a jury was impaneled when jury selection began. See also *State* v. *Potter,* 18 Conn. 166, 175 (1846) (jury is impaneled when summoned by sheriff and names entered into court record but before being sworn).

In 1978, the rule, but not the statute, was amended. The language "before trial" was deleted from the rule and inserted in its place was "before any evidence is offered at trial." The question, then, is whether the statute or the rule controls when a defendant must make an offer of judgment.

The decision of our Supreme Court in *State* v. *King,* 187 Conn. 292, 445 A.2d 901 (1982), is instructive. In *King,* the court faced the question of whether the rules

[5] The trial court, in its memorandum of decision, did not consider whether the offer of judgment was timely under § 342 of the Practice Book.

of joinder of indictment were controlled by the statutory provision or by the rules of practice. *State* v. *King,* supra, 296. In *King,* as in this case, the rule of practice and the statute at issue were identical until 1978, at which time the rule alone was amended. Holding that the rule controlled decisions on joinder, the court examined the powers of the Superior Court to adopt and promulgate its rules. " 'The Superior Court is empowered to adopt and promulgate rules "regulating pleading, practice and procedure in judicial proceedings in courts in which they have the constitutional authority to make rules, for the purpose of simplifying proceedings in the courts and of promoting the speedy and efficient determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify any substantive right . . . ." General Statutes [Rev. to 1983] § 51-14 (a). . . . Just as the general assembly lacks the power to enact rules governing procedure that is exclusively within the power of the courts . . . so do the courts lack the power to promulgate rules governing substantive rights and remedies. . . . Additionally the court rules themselves are expressly limited in scope to practice and procedure in the Superior Court . . . and do not purport to reach beyond such limits.' *Steadwell* v. *Warden,* 186 Conn. 153, 162–63, 439 A.2d 1078 (1982)." (Citations omitted.) *State* v. *King,* supra, 297. Section 342 is a rule that regulates court procedure and facilitates the administration of justice by clarifying when a defendant may make an offer of judgment. Moreover, the rule does not infringe on any substantive right. Accordingly, we hold that § 342, as a procedural rule facilitating the administration of justice, controls the decision when a defendant may properly make an offer of judgment. The trial court erred in considering the timeliness of the offer under the statute only.

The plaintiff argues that the decision of *Krawiec* v. *Kraft,* supra, compels us to uphold the trial court's decision. We disagree. In *Krawiec,* the court considered the timeliness of a defendant's offer of judgment under § 52-193. The court there held that an offer of judgment made after the case was called for trial but before jury selection began was timely under the statute. *Krawiec* v. *Kraft,* supra, 448. In *Krawiec,* however, the court did not have to reach the question of whether the offer was timely under the rules of practice. Id. In 1972, the year *Krawiec* was decided, the rule and the statute were identical. That is not the situation before us today.

There is error, the judgment is set aside as to the award of costs and the case is remanded with direction to disallow those costs accrued by the plaintiff after the offer of judgment was made and to allow those costs of the defendant accruing after that time.

In this opinion BORDEN, J., concurred.

O'CONNELL, J., dissenting. I disagree with the action of the majority in considering this appeal on its merits and feel that it should be dismissed. Practice Book § 412 establishes the procedure for taxation of costs.[1] It is clear that in the absence of agreement between the parties[2] our rule requires that the taxation of costs in civil cases commences with action by the court clerk.[3]

---

[1] Practice Book § 412: "TAXATION OF COSTS; APPEAL

"Bills of costs in civil cases may be taxed by the clerk or assistant clerk, but reasonable notice shall be given to the adverse party, or his attorney, to be present at the taxation, if the appearance of such party be entered on the docket. Either party may appeal from such taxation to the court."

[2] If the amount of costs is not in dispute, the prevailing custom is for the adverse party to endorse his agreement on a bill of costs which is then submitted to the clerk. See 2 E. Stephenson, Connecticut Civil Procedure (2d Ed.) §§ 302a, 312, for a discussion of the complete procedure for taxation of costs.

[3] The court clerk has no discretion as to whether he will tax costs. If the clerk refuses to perform this function, the remedy is a petition to the court

Only after the clerk has given notice to the adverse party[4] to be present and has proceeded to tax costs does the rule provide for appeal of that taxation to the trial court. See *State* v. *Chapman,* 176 Conn. 362, 363, 407 A.2d 987 (1978); *Krawiec* v. *Kraft,* 163 Conn. 445, 447–48, 311 A.2d 82 (1972); *Lew* v. *Bray,* 81 Conn. 213, 216, 70 A. 628 (1908); *Hall* v. *Hall,* 36 Conn. Sup. 15, 16, 409 A.2d 1250 (1979); *Shaker* v. *Shaker,* 12 Conn. Sup. 197, 198 (1943).

Our rules make no provision for a "motion for costs" to be filed directly with the court as was done in the present case. Accordingly, the trial court should have dismissed the motion. Since the motion was not properly before the trial court, this court should not give its imprimatur to an unsanctioned procedure by deciding the appeal on the merits.

No case has come to my attention that authorizes an indiscriminate disregarding of § 412. *Fukelman* v. *Middletown,* 4 Conn. App. 30, 492 A.2d 214 (1985), referred to in footnote 1 of the majority opinion can be distinguished. In *Fukelman,* the proper procedure for taxation of costs by the clerk had been initiated before the defendant appealed, claiming inter alia, that because the defendant was a municipality it was exempt from the payment of any costs whatsoever. The claim in *Fukelman* was, in effect, that there was no duty for the court clerk to perform because of the type of defendant involved. It was not an appeal concerning the amount of costs that should be taxed.

I appreciate that the rules of practice are not embedded in concrete and that they should be liberally inter-

to order the clerk to perform an act required by law. *State* v. *Crabtree,* 32 Conn. Sup. 322, 323, 353 A.2d 796 (1975); *Gordan* v. *City of New Haven,* 5 Conn. Sup. 292, 293 (1937); see *Shaker* v. *Shaker,* 12 Conn. Sup. 197, 198 (1943); 2 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 312e.

[4] The prevailing party is the one in whose favor the decision or verdict is rendered and judgment entered. The other party is the adverse party.

preted in any case where strict enforcement will cause the rules to be instruments of injustice. Practice Book § 6;[5] *Carter* v. *D'Urso,* 5 Conn. App. 230, 234, 497 A.2d 1012, cert. denied, 197 Conn. 814, 499 A.2d 63 (1985). In the present case, however, neither counsel furnished the trial court with any reason why adherence to § 412 would work surprise or injustice. Nor did the trial court address the subject and enunciate its reasons for proceeding in derogation of the rule.

The bench and bar are entitled to expect uniform application of the rules of practice. The practice of law and the performance of a trial judge's duties both are sufficiently difficult without the additional burden of uncertainty as to which rules will be strictly enforced and which rules will be liberally interpreted without any showing of hardship resulting from strict enforcement. I cannot agree with the majority's opinion expressed in its footnote 1 that "judicial economy" is an adequate reason for condoning this departure from our established rules.[6]

For the foregoing reasons, I dissent from the decision of the majority.

---

[5] Practice Book § 6: "RULES TO BE LIBERALLY INTERPRETED

"The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."

[6] The words of former Chief Justice House are relevant: "[A] shortcut is not necessarily a more speedy and safe route than the established and traditional path." *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 366, 260 A.2d 596 (1969).