[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present action arises out of the sale and purchase of a package store where the parties cannot agree as to the disposition of the excess inventory.
The following factual picture is presented. The plaintiff Dorothy B. Goodyear (Seller) is the Executrix of the Estate of Edward S. Goodyear, her late husband. A part of her husband's estate was a package store business known as J-J Liquor Store (Business) located in Waterbury, Connecticut.
By an agreement dated January 27, 1987, the seller agreed to transfer the business to the defendant Joseph J. Orsatti (Buyer) and Victor F. Perugini. Subsequently Victor F. Perugini assigned all his right, title and interest to under the agreement to the buyer. The agreement called for a purchase price of Fifty Thousand ($50,000) Dollars, plus the inventory, for an additional sum, to be computed in a manner as hereinafter set forth as to the actual wholesale price on a dollar-to-dollar basis, based on the CT Page 2806 Connecticut Blue Book." Under the agreement, the value of the inventory was to be determined on the first Sunday preceding the sale, which was to be held on the following Monday.
A closing as to the sale of the business was held on April 13, 1987; but due to the size of the inventory, a value of the inventory was not determined at this time. The parties, desiring to complete the transaction, then modified the inventory clauses in the agreement so that the buyer would purchase no more than $15,000 worth of inventory. In the event that the inventory was to exceed $15,000, the buyer had the right to accept the additional inventory and pay for it. If the buyer declined to do this, the buyer had the obligation to request that the seller remove the inventory in excess of $15,000. Some two weeks after the closing was held, the value of the inventory was determined to be $24,325.50, some $9,325.50 over the agreed to purchase price of $15,000.
The parties have been unable to determine what liquors should be taken from the inventory to make up $9,325.50. It is the seller's position that she is entitled to take only what is known in the "liquor trade" as "premium liquors". The buyer has placed in cartons a quantity of liquor to the value of $9,325.50 and set them aside so that the seller may pick them up at the business. Some of the liquor which has been so placed aside is classified as "junk liquor" in the trade. This liquor has been in this boxed condition since September, 1987; and the parties have been unable to resolve this dispute. The seller wants to go to the store and select "premium" liquor; and the buyer claims that the seller is entitled to the liquor that he has set aside.
"A contract is to be construed according to what may be assumed to have been the understanding and intention of the parties. Lar-Rob Bus Corporation v. Fairfield, 170 Conn. 397,406-407, 365 A.2d 1086 (1976). "The interpretation of. . .contracts, is principally a question of the intention of the contracting parties. . ." Monroe Ready Mix Concrete, Inc. v. Westcor Development Corporation, 183 Conn. 348, 351, 439 A.2d 362 (1981); Rodziewicz v. Giguere, 5 Conn. App. 293, 295 (1985). The intention of the parties was that the $9,325.50 was not to be included in the price of the business. The value of the excess inventory was to distributed at a time subsequent to the sale; but the parties did not agree as to how this was to be accomplished. There was no meeting of the minds on this aspect of the sale.
 "`Courts very reluctantly reject an agreement regularly and fairly made as unintelligible or insensible. It will be sustained if the meaning of the parties can be ascertained, either from the express CT Page 2807 terms. . .or by fair implication.' 1 Elliott on Contracts, Section 170; Williston on Contracts, Sections 37, 1620; 6 R.C.L. 645. See also Restatement (Second), Contracts, T.D. Nos. 1-7, Section 32, illustration 11; 1 Corbin, Contracts, Section 29; 17 Am.Jur. 2d, Contracts, Sections 75, 76. "[E]ven though an agreement may be too indefinite in its terms to be specifically enforced, it may be certain enough to constitute a valid contract for breach of which damages may be recovered." Gulbenkian v. Gulbenkian, 147 F.2d 173, 175 (2d Cir.).
Augeri v. C.F. Wooding Co., 173 Conn. 426, 430 (1977). The parties never agreed as to what the particular quality of liquor that would be returned to the seller. What may be one man's "premium" liquor might be another man's "junk" liquor and vice versa. The agreement is too indefinite in its terms on this aspect to specifically be enforced. However, the parties agree that the value of the inventory in excess of $15,000 is $9,325.50 and this agreement is certain enough so that specific damages may be awarded.
Accordingly, judgment may enter in favor of the plaintiff to recover the sum of Nine Thousand Three Hundred Twenty-Five Dollars and 50 Cents ($9,325.50).
BRYANT, J.