[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Ruling Re: Plaintiff's Motion For Summary Judgment (File #106)
Plaintiff has brought this declaratory judgment action pursuant to General Statutes Section 52-29[1]; plaintiff requests a judicial declaration that it is "under no duty to indemnify or defend defendant Russo under an operative Liquor Control Act insurance policy." The policy was issued to Russo, d/b/a Colt Park Cafe, for a one year term commencing November 25, 1987, and provided, subject to certain exclusions, that plaintiff would insure against liability imposed under the Connecticut Dram Shop Act, General Statutes Section 30-102.[2] Endorsement #2 to the policy set forth an "Assault and Battery Exclusion", reading as follows:
 "It is agreed that the insurance does not apply to bodily injury or property damage arising out of assault or battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation of the insured, his employees, patrons or any other person."
The complaint alleges that on or about July 17, 1989, Russo d/b/a was sued in this court by the other named defendant in the instant case, Wayne Morrell, who was a patron at the Colt Park Cafe on July 18, 1988 when the coverage under plaintiff's policy was in effect; the Morrell complaint has been annexed to the complaint in this action as Exhibit B. In the Morrell action, it is alleged that on July 18, 1988, while Morrell was a patron at Russo's bar, Russo sold and/or provided alcoholic beverages to another patron, Orlando Jones, while Jones was intoxicated, and, as a consequence thereof, Jones "assaulted and struck" Morrell with a metal pipe causing Morrell bodily injuries.
The instant complaint states that Russo tendered the Morrell complaint to plaintiff (Calvert) demanding indemnity and a defense, but that plaintiff denied coverage relying on the assault and battery exclusion. Paragraph 9 of this complaint, CT Page 4804 which is denied in defendants' answer, alleges: "Because of the Assault and Battery Exclusion, Calvert's policy affords no coverage to Russo for the Morrell claim."
Prac. Bk. Section 379 et seq. provides that any party may move for summary judgment when the pleadings are closed, and judgment shall be rendered if the pleadings, affidavit(s), and supporting documentation establish that there exists cc genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. cf. Daily v. New Britain Machine Co., 200 Conn. 562, 568-69 (1986). Summary judgment is a legal means for the disposal of cases in a more expeditious, less costly fashion. Yanow v. Teal Industries, Inc., 178 Conn. 262,269 (1979). "The summary judgment procedure is designed to eliminate the delay and expense incident to a trial where there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279 (1989). On summary judgment, the court's proper function is to apply the rules of practice and determine "whether an issue of fact exists, but not to try that issue if it does exist." Nolan v. Borkowski, 206 Conn. 495, 500 (1986); Michaud v. Gurney, 168 Conn. 431, 433 (1975). Affidavits, documents, and the pleadings are to be considered in determining whether there exists a genuine issue of fact. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12 (1983). A party moving for summary judgment must demonstrate that it is quite clear what the truth is, and that there does not exist any real doubt regarding the existence of any genuine issue of material fact. State v. Goggin, 208 Conn. 606, 616 (1988). The test is "whether a party would be entitled to a directed verdict on the same facts." Nolan v. Borkowski, supra at p. 500.
In this action, plaintiff argues in support of the summary judgment motion that under the assault and battery exclusion contained in its policy, it is under no contractual obligation to indemnify Russo d/b/a, or to defend in the Morrell action. In support of the instant motion, plaintiff has filed a memorandum of law and the affidavit of David Weissman, an employee of Calvert Insurance Company in its Claims Department, who is "responsible for handing the . . Russo claim and many other claims under the Dram Shop Acts of the states in which Calvert writes liquor liability coverage policies"; the Weissman affidavit states, referring to the Assault and Battery endorsement, that the "policy does not provide coverage in instances where the insured was sued under the Connecticut Dram Shop Act [Section 30-102] for damages arising from injuries sustained as a result of assault and battery", and further, that the affiant reviewed "the circumstances surrounding . . . Morrell's claims against . . . Russo, and the applicable policy issued to Russo, . . [and] determined that there is no coverage available for the occurrence under the subject policy." CT Page 4805 Defendants have filed a memorandum of law in opposition to this summary judgment motion.
Whether an insurance company has a duty to defend an action "depends on whether the complaint in that action state[s] facts which appear to bring the injury within the policy coverage." National Fire and Marine Insurance Company v. Picazio, 583 F. Sup. 624, 628 (D.Conn. 1984); Missionaries of Co. of Mary, Inc. v. Aetna Casualty Surety Co., 155 Conn. 104,110 (1967); Sacharko v. Center Equities Limited Partnership,2 Conn. App. 439, 441 (1984). An insurance policy is a contract,2 Conn. App. at p. 440, and "[a] contract is to be construed according to what may be assumed to have been the understanding and intention of the parties." Rodziewicz v. Giguere, 5 Conn. App. 293,295 (1985); see also: Lar-Rob Bus Corp. v. Fairfield,170 Conn. 397, 406-07 (1976). "The interpretation of . . . contracts, is principally a question of the intention of the contracting parties, a question of fact to be determined by the trier of fact." Daley v. Gaitor, 16 Conn. App. 379, (1988); also: Monroe Ready Mix Concrete, Inc. v. Westcor Development Corporation, 183 Conn. 348, 351 (1981). The "duty to defend has a broader aspect than the duty to indemnify," and Connecticut courts have required the insurer to defend "even when the allegations against its insured, as pleaded, were `groundless' . . . and even when requiring a defense would seem to eviscerate the clear, plain intent of a clause excluding coverage." National Fire and Marine Insurance Company v. Picazio, supra. at p. 628; Missionaries of Co. of Mary, Inc. v. Aetna Casualty Surety Co., supra.
Plaintiff's policy is entitled "Liquor Control Act Policy;" Section I thereof, entitled "Coverage", states: "The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury the liability for which is imposed on the insured by the liquor control act to which this insurance applies, sustained by any person by reason of the selling or giving of any alcoholic beverage at or from the insured premises . . . (Emphasis added).[3] Section V of the policy, entitled "Definitions", makes no reference to "assault and battery", but states that "`liquor control act' means Section 30-102 of Chapter 545 (Liquor Control Act), General Statutes of Connecticut" As the defendant points out, the Section 30-102
liability is merely predicated upon the sale of liquor to an intoxicated person who, in consequence of such intoxication,[4]
injures the person or property of another. The liability under the statute, which statute is specifically referenced in plaintiff's policy, is not in any way statutorily conditioned upon whether the acts of the intoxicated person were negligent, accidental, or intentional. An "insurance contract must be CT Page 4806 construed as a whole, and all of its relevant provisions are to be considered with one another"; Krevolin v. Dimmick,39 Conn. Sup. 44, 51 (1983); thus, in construing and applying the exclusion relied on by plaintiff, the language of that exclusion must be considered along with the other portions of the policy, including the aforesaid provisions defining the risk covered. (or intended to be covered) by this insurance.
As stated, "`[t]he interpretation of . . . contracts, is principally a question of the intention of the parties, a question of fact . . .'" (Emphasis added). Daley v. Gaitor, supra at p. 389. With respect to the intention of the parties to the subject insurance contract, the court finds that there exists a genuine issue of material fact; the affidavit submitted by plaintiff is conclusory and does not resolve the issue of fact. Accordingly, plaintiff's motion for summary judgment is Denied.
Mulcahy, J.
Footnotes