[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S "MOTION FOR COSTS"
The plaintiff has filed with the undersigned state trial referee motion for approval of certain disputed items in their bill of costs. These items involve transcript fees and fees for expert witnesses. The defendant has objected to consideration of these items on the grounds that (1) because the subject matter of the motion arose post-judgment the undersigned lacks jurisdiction to consider the pending matter, (2) filing the pending motion with the trial referee is contrary to the procedure set forth in 412 of the Practice Book, (3) there is no statutory authority for the inclusion of transcript fees in the bill c;)f costs, and (4) there is no statutory authority for the inclusion of the fees of expert witnesses in the bill of costs.
A state referee's judicial power derives from General Statutes 52-434. This statute allows him to exercise CT Page 8926 the powers of the Superior Court in respect to trial, judgment and appeal in cases referred to him by the Court. "This grant of authority necessarily embraces the power to render such orders as may be required to protect the integrity of the original judgment." Koizim v. Koizim, 181 Conn. 492, 499
(1980). It also embraces such orders as may be appropriate in matters such as costs, see Shaker, Admx. v. Shaker,12 Conn. Sup. 197, 198 (1943) which are incidental to the judgment and therefore, in a sense, a part of it.
Section 412 of the Practice Book provides that bills of costs are to be taxed by the clerk or assistant clerk from whom an appeal may be taken to the court. There is no provision in the rules for a "motion for costs" directed to the trial court and the use of such "motion" has been discountenanced. Birmingham v. Kielczewski, 17 Conn. App. 219 (note) (1983); Id., 224 (O'Connell, J., dissenting). In this case, however, we are presented with a dilemma. The role of the clerk in the taxation of costs is purely ministerial. Shaker, Admx. v. Shaker, supra. It is his duty to check the individual items against the pertinent statute or rule in order to ascertain whether and to what extent the item is authorized by law. Beit v. Beit, 135 Conn. 413, 414 (1940) and then to tally the results. Because he has no judicial power he is not authorized to deal with justiciable questions. Shaker, admx. v. Shaker, supra. Such questions are appropriate for judicial consideration. It is apparent in this case that the claim for expert witness fees does involve a justiciable question. That being so, to direct the plaintiff at this stage to go back to the clerk for the mere purpose of touching base would seem to be an exercise in futility. I shall therefore, overlook the procedural irregularity and consider the matter on the merits.
Costs are a creature of statute. Verrastro v. Sivertsen, 188 Conn. 213, 217 (1982). Unless the statute clearly provides for them they may not be taxed. Id. Because the state is immune from legal process, both mesne and final, a statute referring to costs in general terms will not be construed to apply to the state. State, ex rel Foote v. Bartholomew, 111 Conn. 427, 432 (1930).
Applying these principles to the present case, because the transcript fees are not specifically mentioned in any of the pertinent statutes, there is no basis on which such fees may be included as part of costs. The fact that the proceeding in which such fees are claimed is a condemnation proceeding does not produce a different result. Waterbury v. Macken, 100 Conn. 407, 413 (1924). CT Page 8927
Next are the claims for the fees of expert witnesses. For these claims the plaintiff relies principally on General Statutes 48-26. Under this statute the Court, in a condemnation proceeding is authorized, under certain circumstances, to order the condemnor to pay the reasonable fees for expert testimony. Were I writing on a clean slate my examination of the legislative history of 48-26 and my legal research would raise serious doubts in my mind about the applicability of this statute to the state. But since the Appellate Court has already held that 48-26 does apply to the state, Sorenson Transportation Co. v. State, 3 Conn. App. 329333 (1985), I am persuaded to come to the same conclusion.
Accordingly, the plaintiff's motion for transcript fees is denied, her motion for fees of Alec Golden and Richard Miller is granted.
LEO PARSKEY STATE TRIAL REFEREE