ISAAC H. WORDIN *vs.* STEPHEN C. BEMIS AND OTHERS.

The statute (Revision of 1866, p. 25, sec. 113,) provides that in actions on contract or for damages merely the defendant may file an offer to allow the plaintiff to take judgment for an amount stated, and that if the plaintiff does not accept the offer and afterwards fails to recover a greater sum, he shall recover no costs accruing thereafter, but the defendant may recover costs from that time. Held that, where an offer to allow judgment for a certain sum was filed, and more than two years thereafter the plaintiff recovered a judgment for a sum in fact larger than the sum named in the offer, but made so only by the addition of interest for the intermediate time, the defendant could take no benefit from the offer. [Two judges dissenting.]

ASSUMPSIT for freight and for damages in the nature of demurrage, being the same case reported in 32 Conn. R., 268. The superior court, in accordance with the advice of this court, rendered judgment at its October term, 1865, for the plaintiff to recover for the freight alone, fixing the amount at $147.81. The defendants at the March term of the court in 1863 had filed the following offer of judgment, under the statute authorizing it. Revision of 1866, p. 25, sec. 113.

"Isaac H. Wordin v. Stephen C. Bemis. Superior Court, Fairfield County, March term, 1863. To the plaintiff and to Messrs. Treat & Blake his attorneys :—The defendants hereby offer to allow you to take judgment in this action for the sum of $138, being a balance of freight after payment of $30, to wit, $134.70, with interest on said sum since November 1st, 1862, and a small excess allowed for possible difference in computing interest with costs. By F. Chamberlin, attorney for defendants."

The damages finally recovered were made up of the $134.70, (the claim for freight,) and interest on that sum down to the date of the judgment. The superior court (*Pardee, J.,*) held that, under the statute, (which provides that unless the plaintiff shall recover a greater sum than that named in the offer he shall recover no cost thereafter, but that the defendant may recover cost thereafter,) the plaintiff could recover no cost after notice of the offer of judgment, and rendered judgment for the plaintiff to recover costs up to the

Wordin *v.* Bemis.

15th day of March, 1863, the time of the filing of the offer and of notice to the plaintiff's counsel, and for the defendants to recover costs after that date.

The plaintiff filed a motion in error and brought the record before this court for revision.

*Treat* and *Blake,* for the plaintiff.

*F. Chamberlin,* for the defendants.

McCURDY, J. The amount at stake in this case is small, but as a matter of practice it is important that the rule should be settled.

The language of the statute is direct and express. "The plaintiff, unless he shall recover a greater sum than that named in the offer of the defendant, shall recover no cost accruing after notice." Here he did recover a greater sum than the amount offered. The obvious meaning must prevail unless there is some insuperable objection.

The defendants say that the recovery was only for freight and the sum offered was greater than the amount of freight then due. They therefore insist either that no interest should be allowed on the amount then due, or that the offer should be considered as carrying interest from the time it was made ; that otherwise injustice would be done and the object of the law evaded. Such a provision might be very proper but it is not contained in the statute. To extend the law by construction, even if allowable, would be attended with serious difficulties. The statute is a general one, embracing actions of tort as well as of contract, and the rule must be uniform. A judgment is entire. In cases of contract it would be inconvenient and in suits for torts it might be impossible to ascertain what portion of a verdict or judgment rendered under the term " damages " was given on account of interest.

The rule contended for would in many cases be unjust. The offer when not accepted is considered as withdrawn, and the defendant need not keep the money on hand as in a tender, but may use it at his pleasure. Again, he might at the

commencement of a suit make an offer, not to pay the money as required in a tender, but to let the plaintiff take a judgment at the session of the court long after the offer for the sum due at the time of the offer, and the plaintiff would lose the intervening interest. The conditions and effect of an offer under the statute are so different from those of a tender at the common law that the principles in relation to the latter have little bearing on the case before us.

The offer can not be presumed to include future interest. It is for a definite sum, and a court would not be justified in enlarging it and so changing the engagement of the party.

If the statute is imperfect, so that its object, the enabling of a party to buy his peace, can not be obtained without his running the risk in some cases of paying too much, the legislature may correct the evil.

We think the judgment of the superior court was manifestly erroneous.

In this opinion HINMAN, C. J., concurred. BUTLER and CARPENTER, Js., dissented.