## DOROTHY KRAWIEC ET AL. *v.* EDWARD J. KRAFT ET AL.

HOUSE, C. J., RYAN, SHAPIRO, LOISELLE and MACDONALD, JS.

Argued June 13—decided July 27, 1972

*Hadleigh H. Howd, Jr.,* and *Wesley W. Horton,* for the appellants-appellees (defendants).

*Walter A. Twachtman, Jr.,* for the appellees-appellants (plaintiffs).

SHAPIRO, J. This is an appeal by the defendants and a cross appeal by the plaintiffs from a judgment of the Court of Common Pleas which disallowed certain costs which had been taxed by the clerk of that court. The appeal involves consideration of the provisions of three statutes concerning offers of judgment, §§ 52-193,[1] 52-194[2] and 52-195.[3] On Tuesday, January 12, 1971, at 10:27 a.m., after trial had been ordered, an offer of judgment in the amount of $3000 was filed by the defendants.[4] On Wednesday,

[1] "[General Statutes] Sec. 52-193. OFFER OF JUDGMENT. In any action on contract, or for the recovery of money only, the defendant may before trial file with the clerk of the court a written notice signed by him or his attorney, directed to the plaintiff or his attorney, offering to allow the plaintiff to take judgment for the sum named in such notice."

[2] "[General Statutes] Sec. 52-194. ACCEPTANCE OF OFFER OF JUDGMENT. In any action the plaintiff may, within ten days after being notified by the defendant of the filing of such offer, file with the clerk of the court a written acceptance of such offer signed by himself or his attorney. Such written acceptance being filed, the court shall render judgment against the defendant as upon default for the sum so named and for the costs accrued at the time of the defendant's giving the plaintiff notice of such offer. No trial shall be postponed because the period within which the plaintiff may accept such offer has not expired, except at the discretion of such court."

[3] "[General Statutes] Sec. 52-195. OFFER NOT ACCEPTED. COSTS. If the plaintiff does not, within said time and before the commencement of the trial, file his notice of acceptance, such offer shall be deemed to be withdrawn and shall not be given in evidence; and the plaintiff, unless he recovers more than the sum named in such offer, with interest from its date, shall recover no costs accruing after he received notice of the filing of such offer, but shall pay the defendant's costs accruing after said time. The provisions of this section shall not apply to cases in which nominal damages have been assessed upon a hearing after a default or after a demurrer has been overruled."

[4] We note the offer of judgment as having been made in a single lump sum of $3000 by the defendants to the two plaintiffs. As appears, however, from the record before us and as stated in argument, any claim as to any irregularity in such an offer was expressly abandoned. We express no opinion in this case regarding this practice as there is nothing in the record to show nor has any claim been made that the plaintiffs' counsel failed to act in good faith by failing to make a full disclosure to both of his clients of the nature of the offer.

January 13, 1971, the case was reached for trial and
the selection of a jury began. On January 19, 1971,
the jury returned a plaintiffs' verdict in the amount
of $2682.10, comprising the amount of $1800 for Dor-
othy Krawiec and $882.10 for John Krawiec. The
plaintiffs filed their motion to set aside the verdict
and sought an additur which the court denied and
judgment on the verdict was ordered on February
25, 1971. The plaintiffs filed their bill for costs
which had accrued before and after the filing of the
offer of judgment. The defendants filed an objection
to the taxation of those costs which the plaintiffs
had accrued after the filing of the offer of judgment.
Thereafter the defendants filed a bill for costs which
they had incurred after the filing of the offer of
judgment, to which the plaintiffs filed an objection.
Pursuant to the provisions of Practice Book § 332
the clerk of the Court of Common Pleas held a hear-
ing on the taxation of costs and decided that the
plaintiffs were entitled to costs for proceedings be-
fore the filing of the offer of judgment and that the
defendants were entitled to costs for proceedings
after the filing of the offer of judgment.

Pursuant to the provisions of Practice Book § 332
the plaintiffs appealed to the Court of Common
Pleas from the clerk's taxation of costs, and from
the unattacked facts we have recited the court con-
cluded that, since the plaintiffs did not have the ten-
day period afforded by the statute, the defendants
did not comply with the provisions of § 52-194 of
the General Statutes and for that reason the offer
of judgment was not made. The court then pro-
ceeded to uphold taxation to the defendants of those
costs incurred by the plaintiffs before the filing of
the offer of judgment but refused to allow any costs
to the defendants.

The defendants have assigned error in the court's overruling the clerk's decision allowing them recovery of costs accruing after the filing of the offer of judgment. Error is also assigned in the court's conclusion that the defendants did not comply with § 52-194 and that thus the offer of judgment was not properly made. On their cross appeal, the plaintiffs have assigned error in the failure of the court to overrule the clerk's decision in which he had not allowed them to recover costs that accrued "after the filing of the defendants' alleged offer of Judgment, even though the Court specifically found that said offer of Judgment was not made."

Before discussing the three applicable statutes we point to Practice Book §§ 274–276. These sections follow, almost verbatim, General Statutes §§ 52-193, 52-194 and 52-195. Since the record and briefs refer mainly to these statutes, we will discuss the statutes and will not specifically refer to the above sections of the Practice Book.

Section 52-193 of the General Statutes, entitled "Offer of judgment," allows an offer of judgment to be filed before trial. " '[B]efore trial' has often meant before the commencement of the trial and the commencement of a trial is frequently construed to mean before opening statements in a trial to a court or before impaneling the jury in a jury trial." *Vroman* v. *Kempke,* 34 Wis. 2d 680, 150 N.W.2d 424; see also note, 1 A.L.R.3d 712 and cases collected. In the case before us, the offer of judgment was filed a day before the commencement of the trial. We must therefore conclude that in this case the offer of judgment was filed in compliance with General Statutes § 52-193.

In General Statutes § 52-194 provision is made for the time and manner of acceptance of an offer of

judgment. The plaintiffs and defendants differ as to the meaning of this statute. "In construing the terminology of a statute, '[t]he intent of a statute is to be sought first in the language used, and if that is unambiguous we need not resort to other aids of interpretation.'" *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 100, 291 A.2d 721; *Johnson* v. *Board of Tax Review,* 160 Conn. 71, 73, 273 A.2d 706; *Klapproth* v. *Turner,* 156 Conn. 276, 280, 240 A.2d 886. In the case before us the statute clearly provides that the plaintiffs are given an option whether to accept or to reject the defendants' offer. An acceptance requires the court to render judgment for the specified amount against the defendant and for the costs accrued at the time the defendant gives the plaintiff notice of the offer. Further provision is made that no trial shall be postponed because the ten-day period within which the plaintiff may accept the offer has not expired, "except at the discretion of such court." Clearly, the statute contemplates that an offer of judgment may be filed and the plaintiff notified of the filing by the defendant less than ten days before trial. If, however, trial is ordered to begin within ten days after the defendant has notified the plaintiff of the filing of the offer of judgment, the trial may not be postponed "except at the discretion of such court." Thus, there is an orderly procedure flowing from §§ 52-193 and 52-194 where an offer filed by a defendant before trial and tendered to the plaintiff within ten days of it may be accepted by the plaintiff and where, if more time may be required before commencing the trial, a request for its postponement may be made of the court by the plaintiff. See 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 159. The record is silent as to whether the defendants requested a post-

ponement of the day of trial; the plaintiffs do not claim that such a request was made by them. From this we can only construe the effect to be that the plaintiffs had no need or desire to ask for a postponement in order to attempt to utilize part or all of ten days within which to consider the offer of judgment. By proceeding to trial, such action could only mean that the plaintiffs chose not to accept the offer, for the plaintiffs did not, within ten days after being notified by the defendants of the filing of the offer and before the commencement of the trial, file a notice of acceptance. In that event the offer is deemed to be withdrawn under § 52-195.

Both the plaintiffs and the defendants assign error regarding the taxation of costs by the court. The defendants claim they are entitled to costs that accrued after the filing of the offer of judgment. The plaintiffs claim they are entitled to all of their costs. The court found that on Tuesday, January 12, 1971, at 10:27 a.m., an offer of judgment in the amount of $3000 was filed by the defendants. It further found that the clerk of the court decided that the plaintiffs were entitled to costs accrued before the *filing* of the offer of judgment and that the defendants were entitled to costs accrued after the *filing* of the offer. The court upheld the clerk's taxation of costs relative to proceedings before the *filing* of the offer. The clerk's construction of the statutes, which is that advocated by the defendants, most closely approaches that which we deem to be correct.

General Statutes § 52-195 makes provision for the allocation of costs in the event the offer is not accepted. It provides for the allocation of certain costs to the plaintiff and certain costs to the defendant, where on trial, the plaintiff recovers less than the amount of the offer of judgment. In an early

case, this court construed this provision in its application to a plaintiff. The statute then (Rev. 1866, p. 25, § 116) contained language almost identical with § 52-195, in part. "The language of the statute is direct and express. 'The plaintiff, unless he shall recover a greater sum than that named in the offer of the defendant, shall recover no cost accruing *after notice.*' [Emphasis added.] . . . The obvious meaning must prevail unless there is some insuperable objection." *Wordin* v. *Bemis,* 33 Conn. 216, 217. The critical time in assessing costs under the statute is *not* the date of the filing of the offer. The statute provides that the plaintiff shall recover no costs that have accrued *after he received notice of the filing of the offer* and that he shall pay the defendant's costs accruing *after said time.* Likewise the ten-day period in General Statutes § 52-194 within which the plaintiff may accept the offer does not begin to run when the offer is filed, but when the defendant *notifies* the plaintiff of the filing of the offer.

There is no finding by the court nor any draft finding related to when, if at all, the defendants actually gave notice of filing the offer to the plaintiffs. The record as well as the briefs contain no reference to such notification. This court may, however, take judicial notice of all papers forming a part of the file in the case and use them for any proper purpose. *Nichols* v. *Nichols,* 126 Conn. 614, 621, 13 A.2d 591; *McCleave* v. *John J. Flanagan Co.,* 115 Conn. 36, 38, 160 A. 305; see also *State* v. *Lenihan,* 151 Conn. 552, 554, 200 A.2d 476; *Politzer* v. *Jeffrey, Inc.,* 133 Conn. 605, 606, 53 A.2d 201; Maltbie, Conn. App. Proc. §§ 312, 313. An examination of the court file discloses the plaintiffs' "Memorandum on appeal from taxation of costs," dated April 29, 1971, which recites in part: "On January 12,

452

1971 at 10:27 A.M. the Defendants' attorney filed a written offer of judgment in the amount of $3,000.00 and in open court handed the Plaintiffs' attorney a copy." The file also discloses the defendants' offer of judgment, dated January 12, 1971, in the amount of $3000. This bears a certification by the defendants' counsel stating that "on the 12th day of January, I served a copy thereof to [the plaintiffs' counsel]."

It appears then that the filing of the notice of the offer and the notification thereof by the defendants to the plaintiffs occurred on the same day, one day before trial. We conclude then that the court was correct in awarding costs to the plaintiffs for the proceedings before the filing of the offer of judgment where that filing coincided with notification of the offer to the plaintiff. The court, however, committed error in refusing to allow costs accruing to the defendants after they gave notice to the plaintiffs of the filing of the offer of judgment. The defendants' bill for those costs amounts to $661 and the case is remanded to the Court of Common Pleas with direction to tax costs in favor of the defendants in the amount of $661.

In this opinion the other judges concurred.