[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
The plaintiff has filed a motion for judgment dated August 7, 1991, based on 52-194 of the General Statutes, claiming that he accepted an offer of judgment made by the defendants for $200,000, and that the defendants refused to make payment in accordance with the accepted offer of judgment. The defendants claim that they actually made an offer of judgment for $500,000, with $200,000 allocated to the Hassan estate and $300,000 allocated to the Dighidi estate but that it was a unified offer, to be accepted by the plaintiff for both estates and not by each of them separately.
The plaintiff, Sigmund Miller, is the only plaintiff in each case even though he acts as administrator of two separate and distinct estates. In one case he is temporary administrator of the estates, while in the second case he acts in the capacity of permanent administrator of both estates; this distinction is not germane to this motion, and in fact the defendants' offer of judgment dated June 7, 1991 is in a pleading referencing both docket numbers. An action by an estate is always brought by the legal representative, namely the executor or administrator of the estate. Miller is the only plaintiff in both cases in two capacities: (1) as administrator of the estate of Mohamed Abdul-Samed Dighidi and (2) as administrator of the estate of Gamel Al-Moghraby Hassan. While the deaths of the decedents, Dighidi and Hassan, occurred in the same crash of an F-16 fighter plane, each estate has a separate claim for wrongful death with different damages. Section 52-193 of the General Statutes allows the defendant in any action for the recovery of money to file with the clerk of the Superior Court a written notice signed by the defendant or his attorney, directed to the CT Page 6818 plaintiff or his attorney, "offering to allow the plaintiff to take judgment for the sum named in such notice." Section 52-194
provides in part as follows:
 "In any action, the plaintiff may, within ten days after being notified by the defendant of the filing of an offer of judgment, file with the clerk of the court a written acceptance of the offer signed by himself or his attorney. Upon the filing of the written acceptance, the court shall render judgment against the defendant as upon default for the sum so named and the for costs accrued at the time of the defendant's giving the plaintiff notice of the offer. . . ."
Comparable provisions exist in 342 and 343 of the Practice Book. The three defendants in this case, United Technologies, General Dynamics, and Chandler-Evans, Inc. jointly filed a document entitled "Defendants' Offer of Judgment", signed by the attorneys for each of the three defendants, based on the statutes and Practice Book rules for offers of judgment. The offer of judgment stated that the defendants offer:
 "1. The plaintiff, Sigmund Miller, Administrator of the estate of Mohamed Abdul-Samed Dighidi, to take judgment against the defendants for the sum of $300,000; and
 2. To allow the plaintiff, Sigmund Miller, Administrator of the estate of Gamel Al-Moghraby Hassan, to take judgment against the defendant for the sum of $200,000.
 If the plaintiff shall not file with the clerk of the court the plaintiffs' notice of acceptance of defendants' said offer of judgment within ten (10) days from the receipt of notice hereof, defendants' said offer of judgment shall be deemed withdrawn. . ."
An initial question is whether the offer of judgment was CT Page 6819 accepted on time. It was filed in the Superior Court clerk's office on June 7, 1991, a Friday. A copy of the offer was received in the mail by the plaintiffs attorney on Monday, June 10, 1991, according to an affidavit of plaintiff's counsel, after the intervening weekend. The ten day period in 52-194 of the General Statutes within which the plaintiff may accept an offer of judgment does not begin to run when the offer is filed, but rather when the defendant notifies the plaintiff of the filing of the offer. Krawiec v. Kraft, 163 Conn. 445, 451. Acceptance of the offer of judgment was filed on June 20, 1991, ten days after the plaintiffs attorney was notified by receipt of the written offer of judgment. Where a statute allows an action to be taken "within" a stated number of days after an event, the date on which the event occurs is excluded in making the computation. Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 3. June 20, 1991 was the last day for filing an acceptance of the offer, and the acceptance was timely because it was filed on that date.
The plaintiff claims that the defendants made two offers of judgment here, an offer of $300,000 for the Dighidi estate and an offer of $200,000 for the Hassan estate, and that either one or both offers could be accepted by the plaintiff. The defendants claim that while separate amounts were suggested for each estate, that they made a unified offer of $500,000 for both estates, and that the plaintiff had to accept or reject the $500,000 offer in its entirety. The defendants argue that the filing of the offer in a single pleading entitled offer of judgment, the phrasing of the offer, and a letter from the attorney for United Technologies prior to the filing of the offer of judgment show that a single $500,000 offer was made on both claims. [The defendants make an additional claim that if the form of the offer of judgment does not conform to the statute that it is void and could not be accepted by the plaintiff. This claim is not decided because the offer of judgment complies with the statute.]
Both 52-193 and 52-194 of the General Statutes are clear and unambiguous, and there are few cases discussing either statute. Where statutory language is clear and unambiguous, it is presumed that it expressed the legislature's intent and the statute is applied according to its terms. Winslow v. Lewis-Shepard, Inc., 216 Conn. 533, 538. The offer of judgment statutes, 52-192a through 52-195, inclusive, allow any plaintiff or any defendant in any civil action based upon a CT Page 6820 contract or for the recovery of money to make an offer of judgment to an opposing party. The statutes do not require any defendant to make an offer of judgment to all plaintiffs in a case. One or more defendants can make an offer of judgment to one, some or all of the plaintiffs. The statutes do not state one way of the other whether defendants who make an offer of judgment to more than one plaintiff must do so in a separate pleading, but as with some pleadings addressed to multiple parties, it is customary and appropriate to do so in one document, even though more than one could be used. Accordingly, the fact that the document filed is entitled "offer of judgment" as opposed to "offers of judgment" is not controlling on whether the document contained two separate offers of judgment for $300,000 and $200,000 or one unitary offer of $500,000.
The defendants also contend that use of the word "and" between paragraphs one and two of the offer mean that both of them had to be accepted by the plaintiff. The use of the word "and" between the two numbered statements in the offer of judgment is also not controlling. Depending upon the context in which it is used, "and" connecting two phrases can mean (1) "together with or along with; in addition; as well as" or (2) "added to; plus." American Heritage Dictionary, Second College Edition. See also Dana-Robin Corporation v. Common Council,166 Conn. 207, 221; D'Occhio v. Connecticut Real Estate Commission,189 Conn. 162, 170. While two related offers were made, that does not resolve whether they could be separately accepted.
The plaintiff did not make any counter proposal to settle either claim, which would have required an offer of judgment by the plaintiff under 52-192a. Accordingly, the result of the attempted acceptance turns on interpretation of the written language in the defendants' offer of judgment. Under contract law, a true meeting of the minds is no longer essential to the formation of a contract, and rights and obligations may arise from the acts of the parties, usually their words, upon which a reasonable person would rely. State v. Smith, 210 Conn. 132,140. While an important rule in construing contracts is to ascertain the intention of the parties, A. Dubreuil Sons, Inc. v. Lisbon, 215 Conn. 604, 610, "where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." Bank of Boston Connecticut v. Schlesinger, 220 Conn. 152, 158; Thompson Peck, Inc. v. Harbor Marine Contracting Corporation,203 Conn. 123, 131. "Where the language of a contract is clear CT Page 6821 and unambiguous, the contract is to be given effect according to its terms." Barnard v. Barnard, 214 Conn. 99, 110; F W Welding Service, Inc. v. ADL Contracting Corporation, 217 Conn. 507,517. The courts cannot create new and different agreements for the parties. Bank of Boston Connecticut v. Schlesinger, supra, 159; Jay Realty, Inc. v. Ahearn Development Corporation,189 Conn. 52, 55. Accordingly, a new term cannot be added to a contract even though on later review of the contract by one of the parties it appears desirable to do so, and in all probability the term could have been originally inserted. Collins v. Sears, Roebuck Company, 164 Conn. 369, 374, 375; Slifkin v. Condec Corporation, 13 Conn. App. 538, 545. "Even though a party might prefer to have the court decide the plain effect of his contract contrary to the expressed intention set forth in the agreement, it is not within the power of the court to make a new or different agreement." Collins v. Sears 
Roebuck Company, supra, 375. Moreover, language supplied by the preparer of the contract must be construed most strongly against that party. Id. 376.
The offer of judgment not only contains a proposal for a specific monetary amount to be paid to each estate, but the proposals are also separately numbered, even though they are made to the same person, the plaintiff Sigmund Miller. While Miller acts as administrator of both estates, a unitary offer of $500,000 to Miller as administrator of both estates was never made even if such offer was intended, and nowhere in the offer of judgment is there any reference to a $500,000 offer. The only reference to the amount is to separate offers of $300,000 and $200,000 to the two estates.
As argued by the plaintiff, there is no language in the statute that allows a plaintiff to accept a defendant's offer of judgment only if a co-plaintiff with an independent claim accepted another offer from the same defendant. While Miller is administrator for two decedents estates, each estate has a separate claim against the defendants. The defendants' position would allow one estate to veto the acceptance of another, specific settlement offer to the other estate, with the possible consequences of failure to accept an offer of judgment as stated in 52-195 of the General Statutes. It is unnecessary to determine whether a unified offer of judgment can be made under any circumstances to two or more co-plaintiffs. The proposal submitted by the defendants' offer of judgment here, considered as two proposals, either of which could be accepted, CT Page 6822 is consistent with the statutory procedure in 52-193 and52-194, while the defendants' interpretation arguably fails to conform to the statutes where there are two distinct estates with separate claims against the defendants in the same case. Moreover, there is nothing contained in the offer of judgment which states explicitly that acceptance of both offers is required or that each estate cannot accept the offer made to it without the approval of the other.
Since there were two offers of judgment, one for each estate, the cases relied upon by the defendants on partial acceptance of a single offer of judgment to one party are inapplicable here. An offer of judgment cannot be made by one party to settle only some of the counts of a complaint against another party, Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 301, 307, but that concept does not apply where a complete settlement of all claims between two parties is proposed, or where one party proposes to settle against some but not all opposing parties.
The defendants also argue that a letter dated May 28, 1991, ten days before the offer of judgment, from the attorney for United Technologies to the plaintiff's attorney indicates the defendants' intent for a combined $500,000 offer of judgment and that it precluded acceptance of the $200,000 offer of judgment by the Hassan estate. While the letter does indicate that a combined $500,000 offer of judgment will be filed for both wrongful death claims and that this represents the defendants' absolute maximum and final settlement offer to conclude the litigation, the letter cannot be used to alter the express terms of the subsequently filed offer of judgment. The letter does not discuss a breakdown of the final offer or how the proposed $500,000 settlement was to be divided between the two estates. The offer of judgment filed June 7, 1991 is not fully consistent with the letter since it makes two separate settlement proposals, one for each estate, even though the total remained at $500,000. The purpose of the letter by its terms was to give advance notice that an offer of judgment would be forthcoming which had to be accepted within the ten day period, and that the defendants would not make any offer in excess of $500,000 to settle all claims. It does not say that the defendants would never settle one of the claims separately or that any settlement was contingent upon settlement of the claims by both estates. The plaintiff never accepted the proposal in the letter. CT Page 6823
The proposal in the offer of judgment is unambiguous. Under the principles of contract construction discussed previously, the defendants cannot rely upon their unilateral interpretation of their own intent in the May 28, 1991 letter, particularly since the offer of judgment filed with the court is different from the letter even though the total maximum settlement offer remained the same. In short, if the defendants intended a unitary $500,000 offer of judgment, they should have said so and worded the offer differently.
The $200,000 offer of judgment was properly accepted by the plaintiff as administrator of the estate of Hassan on June 20, 1991. Further proceedings are ordered to determine the exact amount of the judgment allowed under 52-194 Connecticut General Statutes.
ROBERT A. FULLER, JUDGE