[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON BILL OF COSTS
I.
Introduction and Factual Background
The plaintiff filed this action to recover damages for personal injuries sustained in an automobile accident allegedly caused by the defendant's negligence. On November 2, 1993, just before trial, the defendant filed and delivered to the plaintiff's counsel, an offer of judgment pursuant to General Statutes 52-193 in the amount of $25,000.00. The plaintiff did not accept this offer.
On November 5, 1993, the jury rendered its verdict in favor of the plaintiff and awarded damages in the amount of $13,623.20. Each party has now filed a Bill of Costs as well as an objection to the opponent's Bill of Costs.
 II.
Discussion
 A.
This dispute requires an examination of the interrelationship between General Statutes 52-257 and 52-195. General Statutes 52-257 provides for the fees of parties in civil actions in relevant part:
 (a). . . The prevailing party in any civil action shall receive, by way of indemnity, the following sums: (1) For all proceedings before trial, fifty dollars; (2) for the trial of an issue or law or fact, seventy-five dollars. . . .
 (b) Parties shall also receive. . . (6) for copies of records used in evidence, bonds, CT Page 160 recognizances and subpoenas, court and clerk fees.
General Statutes 52-195 provides for the allocation of costs in the event a defendant's offer of judgment is not accepted by the plaintiff. This statute provides in relevant part:
 (b) Unless the plaintiff recovers more than the sum named in the offer of judgment, with interest from its date, he shall recover no costs accruing after he received notice of the filing of such offer, but shall pay the defendant's costs accruing after he received notice. Such costs may include reasonable attorney's fees in an amount not to exceed three hundred fifty dollars.
While General Statutes 52-257 thus provides the general rules for awarding fees in civil actions, General Statutes52-195 is more specific. It provides the rules for apportioning costs when, after trial, the plaintiff recovers less than the sum set forth in the defendant's offer of judgment. To the extent that there is a conflict in applying these two statutes, 52-195 governs. "It is a well-settled principle of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling." Oles v. Furlong, 134 Conn. 334, 342 (1948), quoting Kepner v. United States, 195 U.S. 100, 125, 24 S.Ct. 797, 49 L.Ed. 114 (1904).
Our Supreme Court discussed the proper method of allocating costs pursuant to General Statutes 52-195 in Krawiec v. Kraft, 163 Conn. 445 (1972), a case factually similar to the present case. In Krawiec, the defendant made an offer of judgment in the amount of $3,000.00. The plaintiff failed to accept the offer and subsequently recovered $2,682.10 following a jury trial. The Supreme Court concluded that, pursuant to52-195, the plaintiff was entitled to costs accrued to the time of the notice to them of the offer of judgment and that the defendant was entitled to his costs after this time. Thus, the plaintiff herein is entitled to costs accrued before November 2, 1993, the date the defendant hand-delivered his offer of judgment, and the defendant is entitled to costs accrued thereafter. CT Page 161
 B.
The plaintiff's Bill of Costs totals $1,953.20, broken down as follows:[1]
1. Indemnity Fees: Proceedings before trial $50.00 Trial of Case $75.00* $125.00
2. Court Entry Fee $150.00
3. Sheriff's Fee — Service of Process $ 30.50
4. Subpoena Fees $147.70*
5. Dr. Selden — expert witness fee $1500.00*
Total Taxable Costs $1953.20
The defendant's amended Bill of Costs totals $456.60, broken down as follows:
1. Indemnity Fees — Trial of Case $75.00*
2. Subpoena Fee $31.60*
3. Attorney's Fee $350.00*
Total Taxable Costs $456.60
With respect to the three contested items in plaintiff's Bill of Costs, the following award is made. First, because the trial indemnity fee accrued after receiving notice of the offer, the plaintiff may not recover this cost.
Second, in regard to the subpoena fees of $147.70, as they were all served prior to the defendant's offer of judgment, the plaintiff may recover. The third fee, the $1,500.00 expert witness fee of Dr. Selden is more complicated. The defendant argues that this witness fee did not become a taxable CT Page 162 cost until Dr. Selden testified, and therefore the plaintiff is not entitled to any portion of the fee according to the apportionment method of 52-195. The plaintiff, however, entered into a "binding agreement" to pay her expert $1,500.00, whether or not he testified, prior to the offer of judgment. Certainly part of the fee was to compensate the physician for his review and preparation. Had the defendant made a more timely offer, perhaps the plaintiff could have avoided this cost. At the same time, having received the offer of judgment, the plaintiff could have chosen another course thereby avoiding the need for the physician to come to court to testify. Certainly this court cannot allow parties to enter into agreements with their witnesses and thereby evade the apportionment procedure of52-195. Based on customary expert fees, this court awards the plaintiff $500.00 for Dr. Selden's fees.
 C.
The defendant is entitled to recover from the plaintiff costs accrued subsequent to date the plaintiff received notice of the offer of judgment. As the subpoena fee presumably accrued prior to the offer of judgment, the defendant is not entitled to recover this $31.60 cost.
The defendant also seeks to recover an indemnity fee of $75.00 for the cost of trial. General Statutes 52-257(b) provides for an indemnity fee of $75.00 for the prevailing party for the trial of an issue of law or fact. As the defendant is the prevailing party on the issue of the value of this case under General Statutes 52-195, he is entitled to this cost.
Finally, the defendant seeks to recover attorney's fees pursuant to Practice Book 344 and General Statutes52-195(b). These sections authorize the court to award the defendant reasonable attorney's fees in an amount not to exceed $350.00 when the plaintiff fails to accept the defendant's offer of judgment and subsequently recovers a smaller amount following trial. The fee of $350.00 is awarded.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT CT Page 163