[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON BILL OF COSTS
The underlying case involved a claim for damages for personal injuries from an automobile accident of February 25, 1993, which the plaintiff claims was caused by the defendant's negligence. On December 7, 1994, the date evidence in the trial was to begin, the defendant filed a written Offer of Judgment in the amount of $70,000.00. The case was then tried to the jury which returned a verdict for the plaintiff in the amount of $59,863.38. Both parties have now filed Bills of Costs and objections to each other's respective Bills of Costs.
This court ascribes to the position rendered by Judge Berger in McDunnah v. Shea, 10 Conn. L. Rptr. No. 19, 635 (Feb. 28, 1994). That decision interprets the relationship between Sections 52-257 and 52-195(b) of the Connecticut General Statutes. Specifically and in accord with Krawiec v. Kraft,163 Conn. 445 (1972), when an offer of judgment is made and CT Page 111-I judgment rendered is less than the offer of judgment, the plaintiff is entitled to costs accrued to the time of the notice to him of the offer of judgment and the defendant is entitled to his costs after that time.
Plaintiff's Bill of Costs claims nine items, three of which the defendant contests. Items 6 and 7 deal with the testimony of Dr. Chiapetta and Mr. McLaughlin, a physical therapist, in amounts of $1,500.00 and $500.00 respectively. The defendant argues that the plaintiff did not accrue these costs until these individuals actually testified at trial. Such testimony, the defendant claims, was subsequent to the plaintiff's receipt of the defendant's offer of judgement.
While there is no dispute that both Dr. Chiapetta and Mr. McLaughlin testified after the plaintiff's receipt of defendant's Offer of Judgment, there is dispute as to when these costs accrued to the plaintiff. Plaintiff argues that the costs accrued before trial when he made arrangements and financial commitments with these two individuals to testify at trial. This court does not find that argument to be unreasonable; CT Page 111-J plaintiff's counsel was well prepared for trial and had obviously made arrangements with these expert witnesses to appear prior to plaintiff's receipt of defendant's Offer of Judgment, the morning evidence began in the trial. Accordingly, this court will allow plaintiff's costs for items 6 and 7 as in this court's opinion, they accrued prior to the plaintiff's receipt of the defendant's Offer of Judgment.
Defendant also objects to item 9, $75.00 for trial of an issue of fact or law. Since plaintiff could have avoided trial if he had accepted the defendant's Offer of Judgment, the plaintiff is not entitled to the cost set out in item 9.
The parties had previously reached an agreement as to the jury fee of $250.00, and the plaintiff has withdrawn his claim for that cost.
The plaintiff objects to three of the four items listed in the defendant's Bill of Costs. One of these items, Dr. Barnett's fee for testifying, has previously been ruled on by this court at the short calendar of January 23, 1995. This CT Page 111-K court held at that time that it would allow a fee for Dr. Barnett in the amount of $1,000.00.
The second and third items which plaintiff contests are the $50.00 cost for all proceedings before trial and the $75.00 cost for the trial of an issue of fact or law. Since the plaintiff was the prevailing party as to the verdict itself, under Section 52-257 of the Connecticut General Statutes, the plaintiff is entitled to this $50.00 cost. In fact, he has been awarded it in item 8 of his Bill of Costs, which was not challenged by the defendant. The defendant is entitled, however, to the $75.00 cost for the trial of an issue of fact or law. This cost has been denied the plaintiff and is one to which the defendant is entitled since it is a cost which accrued subsequent to the plaintiff's receipt of the defendant's Offer of Judgment. The defendant would not have had to try the case if the plaintiff had accepted his Offer of Judgment.
Accordingly, the plaintiff's total allowable costs are $2,335.00. This amount includes items 1, 3, 4, 5, 6, 7, and 8. The defendant is entitled to allowable costs totaling CT Page 111-L $1,425.00. This amount includes items 2, 3, and an adjusted cost of $1,000.00 for item em 4.