[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR COSTS
The parties in the above referenced action tried this case to the court, Barnett, J, commencing on May 20, 1997.[1] At the CT Page 11549 close of the plaintiff's case, the court struck counts one and three of the plaintiff's complaint, and, in a memorandum of decision dated June 24, 1997, rendered judgment for the defendants on the remaining counts [20 CONN. L. RPTR. 7].
On August 9, 1996, the defendants had filed an offer of judgment in the amount of $1,500.00, which amount the plaintiff did not accept. The defendants now seek costs from the plaintiff including an attorney's fee in the amount of $350.00, costs for the deposition of James Rosen, a partner of the plaintiff partnership, in the amount of $400.87; and fees for the service of a subpoena on one Nate Kluft, a witness called by the defendants, in the amount of $34.80, for a total of $785.67. The defendants rely on General Statutes § 52-195, which provides, in pertinent part, that if a plaintiff does accept an offer of judgment and fails to recover more than the sum named in the offer of judgment, he "shall pay the defendant's costs accruing after he received notice. Such costs may include reasonable attorneys fees in an amount not to exceed $350.00."
The plaintiff argues first that the deposition and subpoena fees are not "costs" as defined in § 52-257(b) of the General Statutes, and therefore are not recoverable pursuant to § 52-195. He notes that § 52-257(b) only permits the taxation of $30.00 for the taking of a deposition within the state. He also claims that because the bill for the service of the subpoena does not show the manner in which it was computed, the court cannot determine whether the $34.80 in fact represents "the legal fees payable therefor. . ." As for the claim for attorney's fees, the plaintiff argues that this is discretionary with the court, and that because the defendant's offer of judgment "bore no relation to the merits of the case as they appeared at the time of the offer", the court should not exercise its discretion in favor of the defendants. See Paull v. Coughlin,39 Conn. Sup. 467, 469 (1983).
In McDunnah v. Shea, 1994 ct. sup. 159, 10 Conn. L. Rptr. No. 19, 635 (Feb. 28, 1994) Judge Berger considered the relationship between §§ 52-257 and 52-195(b) and held in accord withKrawiec v. Kraft, 163 Conn. 445 (1972), that when an offer of judgment is made, and the judgment for the plaintiff is less than the defendant's offer of judgment, the plaintiff, as prevailing party is entitled to costs accrued to the time of the notice to him of the offer of judgment, and the defendant is entitled to his costs after that time: CT Page 11550
 While General Statutes § 52-257 thus provides the general rules for awarding fees in civil actions, General Statutes § 52-195 is more specific. It provides the rules for apportioning costs when, after trial, the plaintiff recovers less than the sum set forth in the defendant's offer of judgment. To the extent that there is a conflict in applying these two statutes, 52-195 governs. `It is a well-settled principal of construction that specific terms covering the given subject matter will prevail over general language of the same or another statute which might otherwise prove controlling.' Oles v. Furlong, 134 Conn. 334, 342 (1948), quoting Kepner v. United States, 195 U.S. 100, 125, 24 S.Ct. 797, 49 L.Ed. 114 (1904)."
McDunnah, supra, 1994 Ct. Sup. at 160. This approach was followed in Magson v. Ferro, No. CV 930456567S (Jan. 31, 1995) Ct. Sup. 111-G (October 2, 1998).
Although both McDunnah and Magson involved cases where there was a judgment for the plaintiff, but in an amount less than the defendant's offer of judgment, both courts assumed that the "costs" to be recovered under both §§ 52-257(b) and 52-195
are the same.
Thus, General Statutes § 52-257(b) spells out the procedure for assessing costs in favor a prevailing party. Costs are a creature of statute and unless the statute clearly provides for them, courts cannot tax them." Verrastro v. Sivertsen,188 Conn. 213, 217 (1982). General Statutes § 52-195 provides for the recovery of some costs even if one is not the prevailing party as well as attorney's fees as "an incentive for litigants to bargain reasonably and to settle civil cases . . ." Paull v.Coughlin, supra.
The defendant is entitled to recover $30.00 towards the cost of the of the deposition of James Rosen, as well as the subpoena fee for Nate Kluft. The law does not provide for the recovery of deposition costs over and above the thirty dollars permitted by General Statutes § 52-257(b). The plaintiff has provided the court with no reason to view the bill from Eve Miller than anything other the legal costs for service of the Kluft subpoena.
The plaintiff also argues that attorney's fees should not be ordered as costs in this case because the offer of judgment which it rejected was not a reasonable one. See Paull v. Coughlin,supra. That case involved a law suit by a plaintiff who had CT Page 11551 purchased a car for $3500.00 but later claimed that the car was not as advertised. The court decided that under the circumstances of that case, a $25.00 offer of judgment was not reasonable and did not award attorney's fees. In this case, the full value of the claim was in the area of $31,000.00, and the plaintiff claims that the offer of judgment of $1500.00 bore no relation to the "merits of the case as they appeared at the time of the offer."
There is little guidance as to how to determine, even in hindsight, whether an offer is "reasonable" within the meaning of this statute. The court notes, however, that the offer of judgment in Paull was less than 1% of the full value of the case had the plaintiff prevailed, whereas the offer of judgment in this case was 5% of the potential full value. Moreover, in absolute, rather than relative terms, $1500.00 is still a fairly meaningful sum of money, whereas $25.00 falls within that category which may be readily classified as de minimis. Clearly, the trial court felt that this case had no merit whatsoever, and this court can find no basis for adopting the plaintiff's contention that a $1500.00 offer was not reasonable under those circumstances. A review of the trial court's memorandum of decision does not provide any greater insight with which to substantiate the alleged "unreasonableness" of the offer of judgment.
The plaintiff is therefore ordered to pay deposition costs in the amount of $30.00, subpoena service fees in the amount of $34.80 and an attorney's fee in the amount of $350.00, for a total of $414.80.
Jonathan E. Silbert. Judge