ALEXANDER WILDMAN *vs.* EDMUND D. MUNGER ET UX.

Third Judicial District, New Haven, Jan. Term, 1898.   ANDREWS, C. J.,
TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

An appeal to this court may be taken from the wrongful refusal of
   the trial court to award costs to the defendant upon the plaintiff's
   withdrawal of the action.   The decision or determination of the
   trial court under such circumstances constitutes a final judgment,
   within the meaning of the statute relating to appeals to this court

Section 990 of the General Statutes allowing a defendant who has entered
   his appearance, to take judgment for costs upon the withdrawal of
   the action after it has been returned to court and entered upon the
   docket, applies to cases withdrawn before, as well as to those with-
   drawn after, the return day.

[Argued January 18th—decided March 2d, 1898.]

APPEAL from the alleged erroneous refusal of the Court
of Common Pleas in Fairfield County, *Curtis, J.,* to render
a judgment for costs in favor of the defendants.   *Error and
cause remanded.*

The following are the material facts in the case : On Sep-
tember 3d, 1897, the plaintiff procured the issuance of a writ
and complaint against the defendants, setting forth an equi-
table cause of action and praying only for an injunction,
returnable on the first Tuesday of October, 1897, to said
Court of Common Pleas.   On the day the writ was issued a
temporary injunction was granted, *ex parte,* and duly served
on the defendants.   On the 11th of September, 1897, upon
motion of the defendants, and after a hearing in vacation, the
temporary injunction was dissolved.

· The writ was returned to court prior to September 20th,
1897, and on that day the plaintiff filed a written notice
of withdrawal, and the case was withdrawn.   The case was
not entered on the docket until October 6th, 1897, when, at
the request of the defendants, the clerk entered it on the
docket, with the following entry : " Oct. 6th, '97. Defend-
ants enter case for costs."   The defendants on the same
day filed a written claim for costs with the clerk.   The

defendants thereafter made a motion to the court for a judgment for costs, "and the court in the exercise of its discretion, if lawful, would have allowed costs to the defendants to the extent of their disbursements, and $10 in addition ; but the court held that under the circumstances detailed above it had no jurisdiction, and no authority to exercise its discretion in favor of the defendants." The defendants claimed that the court had jurisdiction and power to exercise its discretion in granting costs in the case, but the court overruled the claim and denied the motion for costs.

The reasons for the court's action are stated as follows : "Section 990 of the General Statutes provides under what circumstances costs may be awarded upon the withdrawal of a civil action. The statute can have but one construction, to wit, that it is only after a case has been duly returned to court and entered on the docket, and an appearance entered for the defense, that such costs can be allowed. This must mean that no costs can be allowed upon a withdrawal before the return day, before which day a case cannot be considered as properly docketed and an appearance properly entered."

*Howard W. Taylor*, for the appellants (defendants).

*Henry A. Purdy*, for the appellee (plaintiff).

TORRANCE, J. Upon the argument before this court the plaintiff claimed that no appeal would lie in this case, because there had been, as he claimed, no final judgment, and indeed no judgment at all, rendered in the case. But if the case was properly before the court at all, if the defendants were entitled to costs under the circumstances, the decision or determination of which they complain put an end to the suit and to their claim for costs, and if they are entitled to any redress at all, they can have it only by way of appeal, as here, or by writ of error ; and they can have redress in neither mode, unless the action of the court below can be regarded as a final judgment within the meaning of the stat-

ute allowing an appeal of this kind, or a writ of error. In *Main* v. *First School District*, 18 Conn. 214, it was held that an order of the Superior Court remanding a cause to the County Court, could be reviewed upon writ of error, because the appellant would be otherwise remediless; and in *Woodruff* v. *Bacon*, 34 Conn. 181, an order erasing a cause from the docket was held to be a final judgment which could be reviewed upon a motion in error. In *Fayerweather* v. *Monson*, 61 Conn. 431, it was held that a judgment dismissing an application for a writ of prohibition was a final judgment from which an appeal lay.

The reasoning of the court in these cases is applicable in the present case, and if the law is so that the defendants were entitled to costs, then we are of opinion that the appeal was well taken.

Whether the defendants were entitled to costs depends upon the construction of § 990 of the General Statutes, which reads as follows: "Upon the withdrawal of any civil action after it has been returned to court and entered upon the docket, and after an appearance has been entered for the defendant, a judgment for costs, if claimed by him, shall be rendered in his favor, but not otherwise; but such judgment shall not be rendered after the expiration of six months from the date of such withdrawal; and no costs shall be allowed, which accrued after actual notice, in writing, of the withdrawal, was given by the plaintiff to the defendant or his attorney; unless good reason therefor shall be shown to the court."

The court below held that this section, allowing a judgment for costs, applied only to cases where the withdrawal takes place after the return day, and not to cases where it takes place before that day.

The language of the statute, read as it stands, certainly favors such a construction; but we think it is not the correct construction. The matter of withdrawing actions in vacation seems to have been regulated by statute for the first time in 1848. By Chap. VII. of the Public Acts of that year it was provided in three sections, in substance, as follows: (1) that

the plaintiff in any civil action returnable to the Superior Court or County Court, and returned to said court or to the office of the clerk, might withdraw it on giving the notice prescribed; (2) that the clerk should enter the action so withdrawn on the docket of the court at the next term, "in the same manner as though it had not been withdrawn," with a note of its withdrawal, etc.; (3) that if the defendant within the first three days of said term entered for costs, then the plaintiff should be liable to pay costs accrued at the time of the entry, "in the same manner as though the action had been withdrawn in open court." Under a statute like this the defendants, in the case at bar, would certainly be entitled to costs. This statute, in the form in which it was passed, was embodied in the Revision of 1849 as §§ 53, 54 and 55, p. 63. It appeared in identically or substantially the same form in the Compilation of 1854, p. 66, and in the Revision of 1866, §§ 67, 69 and 70, p. 15. Between 1866 and 1875, the provisions of this statute were made applicable to the Court of Common Pleas and District Courts, but no change was otherwise made in it till the Revision of 1875.

In that Revision the three sections were consolidated into one, § 14, p. 418, and certain additions were made which provided in substance as follows: (1) that the plaintiff in any civil action returnable to the Superior, Common Pleas, or District Courts, and returned to its clerk or to his office, might withdraw it in vacation, by filing in such office the prescribed notice; (2) that the clerk should enter the action upon the docket of the court at its next term, with a note of the withdrawal and of its date; (3) "if such term be that to which such action was originally brought, and the defendant shall, within the first three days of said term, enter his claim for costs, or if it be not the first term, and he had already appeared to defend, a judgment of nonsuit shall be thereupon entered against the plaintiff; but no costs, except for travel and attendance, shall be allowed which accrued after his giving the defendant or his attorney notice of the withdrawal, in writing; unless good reason therefor shall be shown to the court."

This section clearly contemplates a withdrawal both *before* and *after* the return day and the appearance of the defendant in the cause, and that costs, under certain conditions, should be due to him in either case. It also provides for a judgment of nonsuit against the plaintiff in either case. Section 11, p. 446, of that Revision further provided as follows : " Upon the withdrawal of any civil action, after it has been returned to court and entered upon the docket, and after an appearance has been entered for the defendant, a judgment for costs, unless waived by him, shall be rendered in his favor." By Chap. 98 of the Public Acts of 1881, the words " except for travel and attendance," in § 14 of the Revision of 1875 aforesaid, were stricken out by way of amendment.

In 1882 (Public Acts of 1882, Chap. 90) the following law was passed : " Section 1. Upon the withdrawal of any civil action after it has been returned to court and entered upon the docket, and after an appearance has been entered for the defendant, a judgment for costs, if claimed by him, shall be rendered in his favor, but not otherwise ; but such judgment shall not be rendered later than the term of court following the term or the vacation when such action was withdrawn. Section 2. Section eleven, chapter fourteen, title nineteen of the General Statutes (page 446), and so much of section fourteen, chapter five, title nineteen of the same . (page 418) as is inconsistent herewith, are hereby repealed."

Thus the law stood upon this matter until the Revision of 1888. In that Revision the law as it was in § 14, p. 418, of the Revision of 1875, and in Chap. 90 of the Public Acts of 1882, except so far as it may have been changed in the work of revision, is embodied in §§ 989 and 990.

Now we think it is quite clear that just prior to the revision the law was so that a defendant in a case like the one at bar would have been entitled to costs, either under § 14 or Chap. 90 aforesaid, separately, or under the two combined ; and the question is whether the legislature changed or intended to change the law, so as to deprive defendants of

Wildman *v.* Munger et Ux.

costs in cases like the one at bar. In 1889 (Public Acts 1889, Chap. 11) § 989 was amended by inserting after the word "vacation," in the third line, the words "or at any time before the day on which the action is made returnable." Reading §§ 989 and 990 in the light of previous legislation upon this matter, we can discover no indications that the legislature, in adopting the revision, intended to make any such change in the law. On the contrary the indications are the other way. In a case like the one at bar it is clearly made the duty of the clerk, under § 989, to enter the action upon the docket of the court, with a note of the withdrawal and of its date. To what end is this to be done if the court has nothing further to do with the case and the entry can avail the defendant nothing?

We think § 990 is to be construed as if it read thus: "Upon the withdrawal of any civil action after it has been returned to court and entered upon the docket, a judgment for costs shall be rendered in favor of the defendant, after an appearance has been entered for him and he claims costs, but not otherwise." So far as we are aware the practice has ever been in accordance with this view of the law. We are therefore of opinion that § 990 applies to cases withdrawn before, as well as after, the return day, and that in the former, as well as in the latter, class of cases, the defendant is entitled to costs, provided that in the former class he enters in time and claims costs.

There is error in the decision complained of and it is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.