The Bridgeport Gas Company *v.* District 50, The United Mine Workers of America, et al.

Superior Court Fairfield County at Bridgeport File No. 107566

Memorandum filed May 5, 1959

*Marsh, Day & Calhoun,* of Bridgeport, for the plaintiff.

*Brennan, Daly & Seymour,* of Bridgeport, for the defendants.

Pastore, J. This is an appeal from the taxation of costs to the plaintiff. A dispute over the payment of sick pay under a labor relations contract between the plaintiff and members of the defendant union was referred for arbitration to the state board of mediation and arbitration, which rendered its award in favor of the men. Upon application of plaintiff, under § 52-420 of the 1958 Revision, this court vacated the award and remanded the matter to the board for rehearing. A bill of costs was subsequently taxed in favor of plaintiff and against the defendants, who claim it is contrary to law.

"In statutory proceedings as to which there is no provision of law or statute absolutely giving costs to the prevailing party, or as to which, if a judgment for costs is authorized, no specific costs are prescribed, and to which the statute regulating the costs taxable to a party who succeeds in a civil cause does not apply, the taxation of costs is a matter of discretion." *Welles* v. *Schroeder,* 67 Conn. 257, 259.

In the present matter, the order of the court vacated the award and remanded it for a rehearing. It is noted in passing that while § 52-420 provides for the entry of a judgment by this court upon the granting of an order confirming (§ 52-417), modifying or correcting (§ 52-419) an award, it is silent as to any judgment being entered by the court upon any order vacating an award (§ 52-418). Whatever may be the consequence of this difference in relation to other aspects of arbitration proceedings, it makes no difference in respect to costs. There is no provision for the taxation of costs in the statutes regarding arbitration proceedings, nor in the rules of practice pertaining to judgments confirming, modifying or correcting an arbitration award or to an order vacating an award. Rev. 1958, § 52-420; Practice Book § 304. The application to vacate an award is a special proceeding, authorized by statute. *Boltuch* v. *Rainaud,* 137 Conn. 298, 301. The order of the court in the present case is silent as to taxation of costs to either party. For this reason, no costs should have been taxed to the plaintiff.

The appeal is accordingly sustained and the taxation of costs vacated.