TRIANGLE CONTRACTORS, INC. *v.*
DEBRA M. YOUNG ET AL.
(7638)

SPALLONE, DALY and NORCOTT, Js.

Submitted on briefs October 3—decision released November 7, 1989

*Frank X. Lo Sacco,* pro se, the appellant (defendant), filed a brief.

*George M. Purtill* and *Sharon H. Purtill* filed a brief for the appellee (plaintiff).

NORCOTT, J. The sole issue on appeal is whether the trial court erred in denying the defendant Frank X. Lo Sacco's "motion for judgment of costs." This issue arises from a rather complex procedural scenario which bears description.

In 1982, the plaintiff, Triangle Contractors, Inc., successfully brought an action against Debra M. Young, Inc., to collect monies for services rendered on a construction project. Judgment was rendered for the plaintiff, but, to date, the plaintiff has been unsuccessful in satisfying that judgment.

In 1985, Triangle brought the present action against the defendants, Debra M. Young, Inc., Debra M. Young, and Frank X. Lo Sacco, alleging that the previously obtained judgment could not be satisfied because the entirety of the assets of Debra M. Young, Inc., had been transferred to Lo Sacco. On October 11, 1988, Triangle withdrew the action as to the defendant Lo Sacco. Thereafter, Triangle and the other defendants stipulated to judgments.

On November 29, 1988, Lo Sacco filed a bill of costs with the court, and, on the next day, he filed a "motion for judgment for costs as to Defendant Frank X. Lo Sacco upon withdrawal by plaintiff." After a hearing on December 12, 1988, the trial court, *Fracasse, J.,* denied the motion. In response to Lo Sacco's motion for articulation, Judge Fracasse stated that he denied the motion because "there is not such a motion or pro-

cedure provided by the rules of practice." It is from that denial that Lo Sacco now appeals.

To complete the procedural scenario, however, we must also note that, subsequent to the trial court's denial of his "motion for judgment of costs" and his appeal therefrom, Lo Sacco filed an amended bill of costs with the clerk of the court pursuant to Practice Book § 412.[1] After a hearing held on January 31, 1989, the clerk denied Lo Sacco's motion and ordered no taxation of costs "since there is an appeal pending to the Appellate Court."[2] Lo Sacco took no appeal from that decision.

Lo Sacco argues that the court erred in denying his motion for judgment of costs. He bases his claim on General Statutes § 52-81[3] which mandates that, if claimed by him, a judgment for costs be entered upon the withdrawal of an action by the plaintiff. The gravamen of Lo Sacco's argument rests on the fact that he initially looked to the clerk of the court for his costs, but the clerk directed him to the court. The court then

[1] Practice Book § 412 provides: "Bills of costs in civil cases may be taxed by the clerk or assistant clerk, but reasonable notice shall be given to the adverse party, or his attorney, to be present at the taxation, if the appearance of such party be entered on the docket. Either party may appeal from such taxation to the court."

[2] The appeal referred to here is Lo Sacco's appeal of the denial by the trial court, *Fracasse, J.,* of his motion for judgment of costs.

[3] General Statutes § 52-81 provides: "Upon the withdrawal of any civil action after it has been returned to court and entered upon the docket, and after an appearance has been entered for the defendant, a judgment for costs, if claimed by him, shall be rendered in his favor, but not otherwise. Judgment for costs shall not be rendered after the expiration of six months from the date of the withdrawal and no costs may be allowed which accrued after actual notice in writing of the withdrawal and no costs may be allowed which accrued after actual notice in writing of the withdrawal was given by the plaintiff to the defendant or his attorney, unless good reason therefor is shown to the court."

denied his motion and, in effect, returned him to the clerk. Lo Sacco appealed the trial court's denial and the clerk, in turn, denied him costs because of the pending appeal. The essence of Lo Sacco's argument is that in light of this procedural maze he was wrongfully denied his statutorily mandated reimbursement of costs.

This appeal exposes an unresolved gray area of procedure between the rules of practice and the General Statutes. The right to costs must be based on some statute or authorized rule of the court. *Condon* v. *Pomroy-Grace,* 73 Conn. 607, 614, 48 A. 756 (1901); see also *Bridgeport Gas Co.* v. *United Mine Workers,* 21 Conn. Sup. 331, 154 A.2d 530 (1959). General Statutes § 52-81 authorizes the taxation of costs in favor of a party against whom any civil action has been withdrawn. Indeed, the statutory language *mandates* the allowance of costs upon withdrawal.

Alternatively, Practice Book § 412 establishes the general procedure for the taxation of costs.[4] That procedure requires that the taxation of costs in civil cases begin with action by the court clerk. "Only after the clerk has given notice to the adverse party to be present and has proceeded to tax costs does the rule provide for appeal of that taxation to the trial court." (*E. O'Connell, J.,* dissenting). *Birmingham* v. *Kielczewski,* 17 Conn. App. 219, 224, 551 A.2d 1260 (1988). This general procedure applies in a civil action where there is a prevailing party in whose favor a decision or verdict is rendered and judgment entered.

Lo Sacco argues that the statutory language of General Statutes § 52-81, which mandates the taxation of costs upon withdrawal of an action, does not require

---

[4] See 2 E. Stephenson, Connecticut Civil Procedure (2d. Ed.) §§ 302a and 312, regarding the complete procedure for taxation of costs.

that he follow the procedures specified in Practice Book § 412. We disagree.

Notwithstanding the fact that judges and not clerks "render" judgments, to be consistent with our rules of practice the pertinent language of General Statutes § 52-81 must be interpreted so as to require the party against whom an action has been withdrawn to follow the procedures of Practice Book § 412. Under that provision, the clerk acts as an agent of the court. Should there be no resulting appeal, the clerk's action will become a part of the trial court's judgment in the matter.

While the clerk has no discretion to order the taxation of the costs, the amount of the costs might well be contested at a hearing before the clerk.[5] An appeal from that decision would lie in the trial court. See Practice Book § 412; *Krawiec* v. *Kraft,* 163 Conn. 445, 447–48, 311 A.2d 82 (1972); *Hall* v. *Hall,* 36 Conn. Sup. 15, 16, 409 A.2d 1250 (1979). Should the clerk refuse to tax *any* costs pursuant to General Statutes § 52-81, "the remedy is a petition to the court to order the clerk to perform an act as required by law. *State* v. *Crabtree,* 32 Conn. Sup. 322, 323, 353 A.2d 796 (1975); *Gordan* v. *New Haven,* 5 Conn. Sup. 292, 293 (1937); see *Shaker* v. *Shaker,* 12 Conn. Sup. 197, 198 (1943); 2 E. Stephenson, Connecticut Civil Procedure (2d Ed.) § 312e." *Birmingham* v. *Kielczewski,* supra, 223–24 n.3.

In the present case, the trial court did not err in refusing to allow Lo Sacco, in effect, to bypass the procedures of Practice Book § 412 and create a new procedure that cannot be found in our rules of practice. The court's denial of Lo Sacco's "motion for judgment of costs upon withdrawal" created an appealable order; see *Wildman* v. *Munger,* 70 Conn. 380, 382, 39

---

[5] In the present case, there does, in fact, seem to be a dispute as to the appropriate amount of costs.

A. 599 (1898); that has allowed this court to clarify the procedure for the taxation of costs upon the withdrawal of an action.

We conclude that our decision to confine the remedy of seeking costs upon withdrawal exclusively to the confines of Practice Book § 412, (1) relieves the trial court of a duty that the clerk, as an arm of the court, provides routinely in other nonwithdrawal civil cases, and (2) keeps the administration of the taxation of all costs consistently within one office. Our decision today neither works any injustice nor imposes any unnecessary burden on any party. Rather, it is within the spirit of Practice Book § 6 to allow for the liberal interpretation of our rules of practice which have been designed to "facilitate business and advance justice."[6]

There is no error.[7]

In this opinion the other judges concurred.

---

[6] Practice Book § 6 provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."

[7] We note again that the clerk to whom the defendant submitted the "Amended Bill of Costs" denied the costs on the basis of the pendency of this present appeal. With the resolution of this appeal, it is evidently incumbent upon the clerk to process Lo Sacco's bill of costs in a manner that comports with this decision, the rules of practice and the General Statutes.