[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF CHIN'S OBJECTION (DATED MARCH 5, 1996)TO DEFENDANT PAUL E. POZZI'S REQUEST TO REVISE (DATED FEBRUARY 13, 1996)
The defendant Paul E. Pozzi ("Pozzi"), has filed his Request to Revise (Request of February 13, 1996)[1] which contains 22 requests. This Request of February 13, 1996 requests that the, plaintiff David Chin ("Chin") ". . . revise his Second Revised Reply and Answer dated February 7, 1996 pursuant to Practice Book Sections 108, 147 et seq and 172. . ." in the respects and for the reasons set out in 22 requests that follow thereafter.
The plaintiff Chin has filed his two-pronged objection ("Chin's objection") dated March 5, 1996 to Pozzi's Request of February 13, 1996. First, Chin argues that all of the 22 numbered requests, except those numbered 8, 9, 10 and 11 are "improper since said requests are in violation of Connecticut Practice Book Section 150." In doing so he quotes the following from that rule: CT Page 1994 "Whenever any party files any request to revise . . . that party thereby waives any right to seek any further pleading revisions which he might then have requested." He points out that the paragraphs that Pozzi now asks Chin to revise are identical to the paragraphs set out in Chin's earlier "Reply to Defendant's Special Defenses and Counterclaims dated September 13, 1995" ("Chin's Reply of September 13, 1995"). Chin goes on and argues that because Pozzi did not request Chin to revise these paragraphs in Pozzi's Request to Revise of October 10, 1995 ("Pozzi's Request of October 10, 1995"), then Pozzi has waived his right to seek any further revisions as to those paragraphs. Permitting Pozzi to now do so, by his Request of February 13, 1996 says Chin, would give Pozzi "a second bite of the apple. "
Before taking up Pozzi's response to this prong, it will be helpful to set Pozzi's claims of the relevant procedural background. Here Pozzi says: On October 13, 1995, defendant Pozzi filed a request to revise Chin's Reply of September 13, 1995 to Pozzi's amended answer. Plaintiff responded by filing an objection to Pozzi's request to revise of October 13, 1995 on November 9, 1995. On December 28, 1995, this Court overruled Chin's objections and ordered that defendant Paul E. Pozzi's request to revise of October 13, 1995 be granted as to requests Nos. 1 through 17 and also as to No. 19. Request No. 18 was granted by agreement of counsel. The Court ordered Chin to comply with the Court's decision by January 15, 1996.
Plaintiff failed to file a Revised Reply and Answer by January 15, 1996 as ordered by the Court. Chin was granted an extension of time until February 2, 1996 to comply with the Court's December 28, 1995 decision. Plaintiff subsequently filed his First Revised Reply and Answer dated January 30, 1996. But it failed, however, to comply with defendant Pozzi's requests Nos. 1, 2 and 18. Instead of being able to proceed to the next stage of the pleadings under Practice Book § 112, Pozzi argues that he was constrained to, "re-file" his request to revise on February 6, 1996 to address plaintiff's failure to comply with the Court's December 28, 1995 order and "to cure defects contained within the pleadings."[2]
Pozzi, then argues that Chin filed a Second Revised Reply and Answer, dated February 7, 1996, but once again failed to cure the defects found in the two prior Reply and Answers. Pozzi says that he was again compelled to "refile" his request to revise on February 13, 1996, "seeking to cure the continuing defects contained in plaintiff's reply." CT Page 1995
Pozzi goes on and argues that the waiver objection is not, supported either by the letter or spirit of the pleading provisions of the Practice Book. He claims that his Request of February 13, 1995 is "a single pleading that has been re-filed; because of [Chin's] failure to comply with the Court's December 28, 1995 ruling and failure to cure numerous defects that continue to exist in his Reply and Answer." He also claims that his right to proceed to the next stage of the pleadings under Practice Book § 112 has been "twice prejudiced by [Chin's] failure to file a reply and answer that complies with this Court's orders and the Practice Book." Moreover, Pozzi maintains that [Chin's] action in this respect place the present stage of the hearings on [Pozzi] request to revise in a "de novo status." Accordingly, he contends that there has been no waiver and that Chin's objection on the first ground i.e., waiver should be overruled. We do not agree with Pozzi here.
Turning to the record, the following appears to be true. Pozzi, on October 13, 1995, did file a Motion to Revise (of 22 requests) directed to Chin's Reply to Special Defenses and Answer to Counterclaim of Pozzi (dated June 6, 1995) which reply in turn was filed September 14, 1995. Chin filed on November 9, 1995 an objection to this and this court held a hearing. On December 28, 1995, the court filed its memorandum of decision on Chin's objection to Pozzi's October 13, 1995 Motion to Revise in which it overruled Chin's objection to requests #1 through 17 and to #19 and it ordered compliance by January 15, 1996 and was given an extension to do so by February 2, 1996. On February 1, 1996, Chin did file his First Revised Reply and Answer. However, Chin's First Revised Reply of February 1, 1995 did not comply with Pozzi's requests #1, 2 and 18 as ordered. On February 5, 1995 Pozzi filed his motion to nonsuit Chin for noncompliance with those three requests. On February 6, 1996, Pozzi filed another Motion to Revise directed to Chin's First Revised Reply (filed February 1, 1996); this Motion to Revise contained 28[3] requests including those Chin had not complied with per this Court's order of December 28, 1995. On February 7, 1996, Chin filed his Second Revised Reply and Answer which complied with this Court's order of December 28, 1995.
It was agreed at the March 5, 1996 hearing on Chin's objection to Pozzi's most recent motion to revise filed February 16, 1995 that those matters this court had earlier ordered had now already been complied with by Chin's pleading filed February 7, 1996 and that this court need no longer be concerned with any of the CT Page 1996 requests to revise set out in Pozzi's motion to revise filed February 6, 1996. That was so because the "new" requests in that motion were all set out in Pozzi's motion to revise filed February 16, 1996.
This court does not agree with Pozzi's argument that `he was, again compelled to refile its [sic] request to revise on February, 13, 1996, seeking to cure the continuing defects in [Chin's] reply." If these "continuing defects"[4] are supposed to mean defects that this court had already ordered to be revised, we cannot accept any such claim, as by that time, i.e. February 13, 1996, the court's prior orders in that regard had been complied with. If, however, "continuing defects" is intended to apply to those new matters set out in Pozzi's request to revise filed February 13, 1996, that is quite another matter and then the issue of waiver must be decided. There is little question that the circumstances do raise this latter scenario. Pozzi does not claim that the matters there requested were ever requested before. He is simply not refiling requests for revision which he previously requested.[5] We are entitled to assume that he now seeks revision of matters he believes merit revision. The issue, however, is can he now do so or has he waived the right to do so.[6] We believe that he has waived that right. Pozzi argues that his right to proceed to the next stage of pleadings under Practice Book § 112 "has been twice prejudiced by [Chin's] failure to file a reply and answer that complies with this Court's orders and the Practice Book and the "[Chin's] actions in this respect place the present stage of the hearings on [Pozzi's] request to revise in a de novo status" and therefore, Pozzi says that there has been no waiver under Practice Book § 150. It is true that Chin did not comply with this Court's order of December 28, 1995 but that has been corrected. Pozzi's claim that Chin's conduct puts the present stage of the hearings on his February 13, 1996 Request to Revise" in a de novo status" is simply not so. Moreover, this "de novo status" has not been reasonably explained by Pozzi. It clearly cannot mean as Pozzi implies, that under the circumstances including the Practice Book, and particularly § 150 that he can now, as a matter of right, seek to have revised those matters which he could have so requested when he filed his October 13, 1995 Request to Revise.[7] If it is suggested that the Court exercise its discretion to permit it, the court respectfully refuses to do so. Pozzi has waived his right to file his requests #1 through 7 and #12 through 22 of his February 13, 1996 request to revise, See Practice Book § 150. Therefore, Chin's objection of waiver is sustained and Pozzi's request to revise of February 13, 1996 is denied as to requests #1 through 7 CT Page 1997 and #12 through 22.
Chin's second objection to directed to Requests #8, 9, 10 and 11 which involves Chin's pleading of matters in avoidance Chin objects, arguing that here Pozzi is really asking Chin to "specify specific facts that were alleged by Pozzi in his own [Pozzi's] special defenses." With that, Chin claims that the circumstance that he references Pozzi's special defenses does not, given their present specificity, does not generate Pozzi's right property to get the revisions sought.
Pozzi claims that Chin's "vague references's to allegations of Pozzi are improper as Chin is required to plead's in a distinct and concise manner those matters placed in avoidance." Therefore, Pozzi contends that Chin's "references to allegations already contained in [Pozzi's] special defenses" are subject to revision.
The references by Chin to Pozzi's special defenses are not "vague" as Pozzi claimed given what can fairly can be considered the specific allegations of those special defenses. They may not be as precise as Pozzi wants but this Court is not inclined to order the revisions sought.
Under the circumstances the matters sought to be revised cannot fairly be said to constitute an appropriate correction. This court is aware that "the design of the rules of practice is both to facilitate business and advance justice. "Snow v. Calise,174 Conn. 567, 574 (1978); Triangle Contractors Ins. v. Young,20 Conn. App. 218, 222 (1989). Moreover, "Rules" are a means to justice and not an end in themselves, their purpose is to provide for a just determination of every proceeding." In re Dodson,214 Conn. 344, 363 (1990).
Chin's objection to Requests #8, 9, 10 and 11 of Carlin, Pozzi, Chin Architect P.C. corrected motion is ordered sustained and those two requests are denied.
Therefore, the plaintiff Chin's "Objections to Defendants Paul E. Pozzi's Request to Revise dated February 13, 1996", dated March 5, 1996 are ordered sustained in full and Pozzi's Request to Revise, dated February 13, 1996 is denied in full.
Arthur H. Healey State Trial Referee CT Page 1998