MEMORANDUM OF DECISION ON PLAINTIFF CHIN'S OBJECTION (DATED MARCH 5, 1996)TO DEFENDANT CARLIN, POZZI, CHIN, ARCHITECTS, P.C. CORRECTED REQUEST TOREVISE (DATED MARCH 5, 1996)[1]
There is to be decided here the plaintiff Chin's Objection to Revise (Chin's objection) of March 5, 1996 to Carlin, Pozzi, Chin Architects, P.C. Corrected Request to Revise (Corrected Request) of March 5, 1996. This Corrected Request contains twelve separate Requests to Revise.
Chin's objection is two-fold. His first objection goes to numbers 1, 2, 3, 4, 5, 6, 9, 10, 11 and 12 of the Corrected CT Page 1999 Request. There, Chin argues that the paragraphs which the Corrected Request seeks to have revised "are identical to the paragraphs set forth in [Chin's] earlier-filed Reply to Defendant's Special Defenses and Counterclaims dated September 13, 1995." Chin claims that because this defendant did not request that he revise these paragraphs in his October 10, 1995 Request to Revise, then this defendant has waived any right to seek any further revisions in those paragraphs. Therefore, because this defendant "chose not to seek the revision now requested in its requested October 13, 1995 Request to Revise then it should not be able to get a "second bite of the apple" by its February 15, 1996 motion to revise [now the "corrected request"].
In its counter argument, the defendant Carlin, Pozzi, Chin, Architects, P.C. maintains that Chin's objection to its corrected motion "is based on the wrong facts." It claims that it is key to Chin's claim that (1) Chin filed a Reply to [this defendant's] Special Defense and Counterclaims on September 13, 1995 and (b) this defendant filed a Request to Revise Chin's reply on October 10, 1995. The fact is, this defendant claims is that the only pleading filed by Chin on September 13, 1995 was his "Reply and Answer to Amended Special Defenses and Counterclaim of Paul E.Pozzi[2] dated June 6, 1995" (underlining added). It also points out that it was not until February 1, 1996 that Chin filed a pleading in response to this defendant's amended answer, special defense and counterclaim. It would be improper, this defendant's argues, for it to have responded to Chin's pleading filed September 13, 1995 as it was not directed to this defendant but to Paul E. Pozzi, a co-defendant. Moreover, this defendant continues, because it did not file its own amended answer, special defenses and counterclaim until October 10, 1995, the filing of its Corrected Request is proper. Moreover, this defendant, contrary to Chin's claim, contends that it did not file a Request to Revise on October 10, 1995. Therefore, this defendant claims that its Corrected Request of February 15, 1996 "represents its first requested revisions to [Chin's] February 1, 1996 response to [this defendant's] October 10, 1995 response to this October 10, 1995 amended answer, special defenses and counterclaim." Therefore, this defendant contends that the first objection of Chin "grounded as it is in erroneous facts must fail."
This defendant is correct. The facts do not support Chin's claim here. It was the defendant Paul E. Pozzi who filed a Request to Revise on October 10, 1995, not this defendant. Moreover, Pozzi's Motion to Revise was the only motion filed on that day. CT Page 2000 The Corrected Request of the defendant Carlin, Pozzi, Chin, Architects P.C. is its first motion to revise directed as it is to Chin's Reply of February 1, 1996 to this defendant's Amended Answer, Special Defenses and Counterclaims to Chin's Eighth Amended Complaint of October 10, 1995. There is no waiver by this defendant, as Chin claims, to file its Corrected Request and for this defendant to file it is not in violation of Practice Book § 150 as Chin claims. Chin's first basis of objection is therefore overruled and this defendant's Corrected Motion to Revise is ordered to be and is granted as to Requests # 1, 2, 3, 4, 5, 6, 9, 11, 12 and denied as to # 10.
Chin's second basis of objection to the Corrected Request is directed to Requests # 7 and 8 of that defendant's motion. These two requests are directed to Chin's Reply in Avoidance to the 8th through the 19th Special Defenses of the defendant Carlin, Pozzi, Chin, Architects, P.C. (dated October 10, 1965). In this objection, citing Practice Book § 108, et seq., 172 and 147, Chin claims that request # 7 and 8 ask that the plaintiff Chin, by revision, make more particular or more complete or more specific or all of these matters alleged in the movant's own special defenses. Here Chin argues that when he revised his pleadings to include matters in avoidance he referred to Carlin, Pozzi, Chin, Architects, P.C. own pleadings as the basis for his allegations in avoidance. Now, that defendant is now asking Chin to expound on or explicate on their very own pleadings, i.e. in their special defenses. He argues that this defendant's motion is "a back door request" to revise their own which he maintains is "entirely improper". He implies that in so seeking the requested revision of Chin's pleading of matters in avoidance that that defendant is saying that what they have alleged is not sufficient.
On the other hand, the defendant Carlin, Pozzi, Chin, Architects P.C. argue that Chin's "simple reference to [its] special defenses is insufficient for a proper response and would not allow the court to strike a reply as it related to one or more of Carlin Pozzi's special defenses." It argues that "Quite simply, as the contested pleadings do not specify the relationships alleged on which damages to Paul E. Pozzi, Carlin, Pozzi allegedly claims, they are too broad and vague to allow Carlin Pozzi to determine whether parts or all of them are susceptible to a motion to strike for insufficiency." Given that this directly involves the allegations (which are not brief ) of their own special defenses, the posture on seeking revisions here seems anomalous. Under the circumstances the matters sought to be revised cannot fairly be CT Page 2001 said to constitute an appropriate correction. This court is aware that the design of the rules of practice is both to facilitate business and advance justice." Snow v. Calise, 174 Conn. 567, 874
(1978); Triangle Contractors v. Young, 20 Conn. App. 218, 222
(1989). Moreover, "Rules" are a means to justice and not an end in themselves, their purpose is to provide for a just determination of every proceeding." In re Dodson, 214 Conn. 344, 363 (1990).
Chin's objection to Requests # 7 and 8 of Carlin, Pozzi, Chin's Architect P.C. Corrected Motion is ordered sustained and those two requests are denied.
Arthur H. Healey State Trial Referee