[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON REVIEW OF TAXATION OF COSTS FILED BY THE STAMFORD HOSPITAL MAY 7, 1999 (#281)
This Memorandum of Decision resolves a dispute over the taxation of costs in a medical malpractice lawsuit in which the defendant, Stamford Hospital, prevailed.
 PROCEDURAL FACTS
The plaintiffs, Herman and Myrna Alswanger, commenced a medical malpractice action. In essence there were two named defendants, Douglas R. Smego, M.D., a surgeon, and the Stamford Hospital in whose facilities the surgical procedure on Mr. Alswanger took place. The matter was tried CT Page 14104 to a jury. At the conclusion of the plaintiffs' direct case the court entered a directed verdict in favor of the Stamford Hospital. The trial continued before the jury and in November, 1998 a verdict was rendered by the jury in favor of the remaining defendant, Douglas R. Smego, M.D. The judgement was confirmed on appeal on July 24, 2001. Alswanger v. Smego,257 Conn. 58 (2001).
Both defendants submitted taxation of costs. Those filed by the defendant, Douglas R. Smego, M.D., have been resolved and are not at issue before the court. The Stamford Hospital filed an Amended Bill of Costs on February 23, 1999. The Amended Bill of Costs sought a total of $80,915.78 citing General Statutes §§ 52-257 and 52-260 (f).
The plaintiffs disputed the Amended Bill of Costs and the parties properly and timely followed the procedures concerning the taxation of costs established by P.B. § 18-5. This matter was tried on the complex civil litigation docket. There is no court clerk assigned to the docket and in lieu thereof a court officer is assigned. The court officer gave notice to both parties and they appeared. The court officer held a hearing in accordance with P.B. § 18-5(a). Both parties were heard. The court officer entered a written taxation of costs order on May 5, 1999. Within 20 days of the issuance of the notice of taxation by the court officer, the defendant, Stamford Hospital, moved that the judicial authority review the court officer's taxation. That Motion is the subject of this Memorandum of Decision. It was properly and timely filed in accordance. P.B. § 18-5(b). Triangle Contractors, Inc. v. Young,20 Conn. App. 218, 219-20 (1989).
 DISCUSSION OF LAW
"The right to costs must be based on some statute or authorized rule of the court." Triangle Contractors, Inc. v. Young, supra, 20 Conn. App. 221;Condon v. Pomroy-Grace, 73 Conn. 607, 614 (1901); Bridgeport Gas Co. v.United Mine Workers, 21 Conn. Sup. 331 (1959). The proper method of taxing costs is for the clerk (in this case the court officer) to make a determination after a hearing. In the main, the determination of court costs are ministerial and do not involve an exercise of discretion. RizzoPool Co. v. Del Grosso, 240 Conn. 58, 66-67 (1997). The Supreme Court recently reaffirmed the procedures set forth in P.B. § 18-5 and followed by the parties in this case. Danbury v. Dana Investment Corp.,257 Conn. 48, 51 n. 4 (2001). The party claiming the costs, the defendant, Stamford Hospital, has the burden of proof Danbury v. DanaInvestment Corp., supra, 257 Conn. 54.
The Amended Bill of Costs relies on two General Statutes, General Statutes §§ 52-257, "Fees of parties in civil actions" and 52-260
CT Page 14105 (f), "Witness fees." "In the United States, the general rule of law known as the American Rule is that a prevailing litigant ordinarily is not entitled to collect reasonable attorney's fees from the opposing party as part of his or her damages or costs . . ." Narcisco v. Brown63 Conn. App. 578, 580 (2001). The Supreme Court has held that "the guiding principles behind costs and attorney's fees are sufficiently similar." Rizzo Pool Co. v. Del Grosso, supra, 240 Conn. 67.
"It is a settled principle of our common law that parties are required to bear their own litigation expenses, except as otherwise provided by statute . . . Furthermore, because costs are the creature of statute . . . unless the statute clearly provides for them courts cannot tax them."Ludington v. Sayers, 64 Conn. App. 768, 779 (2001); M. DeMatteoConstruction Co. v. New London, 236 Conn. 710, 715 (1996). Therefore, the issue in this case is a determination of the statutory construction of both General Statutes §§ 52-257 and 52-260,
In general the trial court has no discretion in awarding costs under General Statutes §§ 52-597 or 52-260 (f). "An examination of General Statutes 52-257 . . . reveals that most of awards are automatic assessments, not involving the discretion of the court. The principal exceptions to this general rule are subsection (d) concerning minor specilic matters (applicable to costs on appeal) and subsection (e) reserving to the court its time-honored discretion in taxing costs in actions in which equitable relief is granted." Fengler v. NorthwestConnecticut Homes, Inc., 215 Conn. 286, 291 (1990). This is a medical malpractice action and did not involve equitable issues. Pestey v.Cushman, Superior Court, judicial district of Tolland at Tolland, Complex Civil Litigation Docket No. X07 CV 94-70091 (May 4, 2000, Bishop, J.)
(6 Conn. Ops. 575) (27 Conn. L.Rptr. 159) (2000 Ct. Sup. 5344). The Stamford Hospital disputes the court officer's May 5, 1999 determination of costs in five separate areas. The disputes all relate to the two statutes in question. This court will now discuss the law concerning each of those areas.
I. "Maps, plans, mechanical drawings and photographs, necessary or convenient in the trial of any action, a reasonable sum." General Statutes § 52-257 (b)(5). The defendant is claiming $12,406.69 for various graphics, blowups, photographs and other items prepared by the Stamford Hospital in order to defendant the plaintiffs' claims. There are two components to this statute. First, the taxation is discretionary since the phrase "a reasonable sum" is used in the statute. Lombardi RestHome, Inc. v. Richter, 63 Conn. App. 646, 656 (2001). Various invoices were attached to the bill of costs. These invoices indicate that the defendant, Stamford Hospital, made actual payment for the items, Since the defendant paid these costs, this court concludes that this satisfies CT Page 14106 the statutory requirement of "a reasonable sum." Second, the documents must be necessarily used in the trial because the statute states: "necessary or convenient in the trial of any action. "
A small number of the items claimed under General Statutes § 52-257
(b)(5) were actually offered into evidence at trial. After a comparison of the invoices with the exhibit list, it appears that trial exhibits were $1,505.31.
M. DeMatteo Construction Co. v. New London, supra, 236 Conn. 715, involved the issue of whether or not a witness who was paid by the prevailing party but did not testify at trial would be entitled under General Statutes § 52-257 (b) to have their fees taxed as costs. "Parties shall also receive: (1) For each witness attending court, his legal fee and mileage." The plaintiff was requesting a taxation of costs charged by her treating physician. A video of the treating physician's deposition was used in lieu of live testimony at trial. The treating physician did not physically attend the trial. DeMatteo held that under that language a court cannot tax costs for a witness who does not attend court.
General Statutes § 52-257 (b)(5) has similar language to subsection 1, "necessary or convenient in the trial of any action. " This court holds that the only maps, plans, mechanical drawings or photographs that can be taxable as costs are those that are actually used in trial, either as exhibits formally offered into evidence, exhibits marked for identification, used by counsel for trial demonstration, or used by counsel in their opening or closing arguments. Ahern v. Moskovitz
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV86-0313898S (September 26, 1990, Maloney, J.)
(2 Conn. L.Rptr. 471) (1990 Ct. Sup. 2214) (Enlargements of photograph are taxable costs if used at trial).
The Hospital made extensive use of electronic media in presenting exhibits at trial. A number of exhibits were scanned onto a CD Rom disk, installed on a laptop computer, presented in a Power Point software package and projected directly from the laptop computer onto an overhead screen. While on the screen, the computer program permitted the exhibit to be adjusted, marked and highlighted. The CD Roms and computers were not exhibits, but the hard copies were marked as exhibits. The court will disallow these computer assisted costs until the legislature sees fit to include these expenses as statutory costs.
The court has reviewed the exhibit list. It is going to drastically reduce the Amended Bill of Costs as to the claims of maps, plans, mechanical drawings and photographs from $12,406.69 to $1,505.31. This CT Page 14107 court will permit the Stamford Hospital to reargue this determination if it can demonstrate that more items under subsection (5) were actually used in trial in the manner discussed.
II. "Maps, plans, mechanical drawings and photographs, necessary or convenient in the trial of any action, a reasonable sum." General Statutes § 52-257 (b)(5). Under this statutory reference, the Stamford Hospital is claiming as additional taxable costs the sum of $31,330.24 for the transcripts obtained during the trial from the court reporter. There is no statutory authority for transcripts to be included as taxable costs. Each litigant is responsible under the American Rule to pay their own costs. In this complex civil litigation trial, the chief court reporter for the judicial district of Stamford/Norwalk used Real Time software in order to provide daily transcripts to counsel for use in court. The parties availed themselves of those daily transcripts and in a number of instances were able to use those transcripts to demonstrate inconsistencies from the witness who had just testified the day before. There is no doubt that the daily transcripts obtained during the trial were valuable in the preparation, prosecution and defense of the case. Despite the beneficial advantage of having daily transcripts, such transcripts and court reporter costs are not taxable costs until the legislature so indicates. Rivera v. St. Francis Hospital, Superior Court, judicial district of Hartford, Docket Number CV92-0511982S (Lavine, J. July 24, 1997) (20 Conn. L.Reptr. 180) (1997 Ct. Sup. 12428). This cost is disallowed.
III. "For copies of records used in evidence, bonds, recognizances and subpoenas, court and clerk's fees." General Statutes § 52-257 (b) (6). Stamford Hospital is claiming ten cents per page for 2,597 pages for a taxable cost of $259.70.
Stamford Hospital has the burden of proof concerning the claim that these 2,597 pages comply with the documents listed in the statute. This court's recollection is no such documents were offered into evidence. None of the pages are being requested are "subpoenas," "court fees," "clerk's fees," "bonds," or "recognizances." No bonds or recognizances were obtained in this case. By including in its bill of costs "copies of records used in evidence," in effect the defendant is asking for photocopy costs of various documents which may have assisted it in the trial of the case. Photocopy costs are not permitted as costs under General Statutes § 52-257. This claim must be disallowed.
IV. "Documented investigative costs and expenses, not exceeding the sum of two hundred dollars." General Statutes § 52-257 (b) (11). The defendant is claiming investigative costs incurred by Markle Investigations and Allyson Warshal. The defendant recognizes that there CT Page 14108 is a $200.00 limit for investigation costs. Since the defendant hired two investigators, the Stamford Hospital has doubled that limit and asked for costs of $400.00. Both investigators charged well over $400.00 and their invoices were submitted to the court. The limit of $200.00 was imposed by the legislature in Public Act 83-385. There is no language in General Statutes § 52-257 or in Public Act 83-385 to indicate that "each" investigative cost will not exceed $200.00. The language of the statute is straightforward. The total of the "documented investigative costs and expenses" will not exceed $200.00. The court therefore, can only allow by statute the maximum of $200.00 for investigative costs under General Statutes § 52-257 (b) (11).
V. "Any practitioner of the healing arts . . . is summoned to give expert testimony in any action or proceeding." General Statutes § 52-260
(f). In addition General Statutes § 52-257 (b)(i) states: "Parties shall also receive: 1) for each witness attending court his legal fee and mileage." Stamford Hospital is claiming expert witness fees for six. named medical experts as taxable costs in the amount of $34,044.15. Only four of these witnesses testified at trial. Michael Kashgarian, M.D. testified as an expert for both the defendants. The hospital is claiming Dr. Kashgarian's costs to be $4,821.23. Dr. Kashgarian's bill of costs was permitted and allowed in the Douglas R. Smego bill of costs and equally will be permitted in the Stamford Hospital bill of costs. The larger bill of costs for Dr. Kashgarian is contained in the bill of costs claim by Douglas R. Smego in the amount $5,750.00. This court allowed one-half of that sum for Douglas R. Smego, M.D., in the amount of $2,875.00 for the actual court testimony of Dr. Kashgarian. An equal sum of $2,875.00 should be allowed as an expert witness fee under General Statutes § 52-260 (f) for the testimony of Dr. Michael Kashgarian for the defendant Stamford Hospital. Therefore, Dr. Kashgarian's trial testimony costs actually incurred by all defendants would be paid in frill. This taxable cost is for the trial testimony of Dr. Kashgarian. The issue of preparation costs incurred by the defendant for Dr. Kashgarian will be discussed separately.
The defendant claims a bill of costs in the amount of $2,897.60 for Harriet Kotsoris, M.D., Douglas Miller M.D., $6,504.85 and William Stahl, M.D., $1,107.46. All three appeared and testified as expert witnesses at trial for the plaintiffs. They were paid by the plaintiffs for their trial testimony. Stamford Hospital is claiming as taxable deposition costs incurred by it in taking these experts' pretrial depositions. Presumably, the Hospital paid these sums to the experts for their deposition time. Since the experts did not testify for the defendant, and these costs are not for their trial testimony, taxable costs cannot be allowed. General Statutes § 52-260 (f); M. DeMatteoConstruction Co. v. New London, supra, 236 Conn. 715; Ludington v.CT Page 14109Sayers supra, 64 Conn. App. 780. The issue of preparation costs incurred in these three depositions will be discussed separately.
Philip Allmendinger, M.D., $9,750.73 and Stanley Dudrick, M.D. $10,462.18 are being claimed as taxable costs. These fees were incurred for their preparation for depositions and trial since they were the Hospital's own experts. They did not testify since the court directed a verdict in favor of the hospital thus obviating the need for their in-court testimony on behalf of the Hospital. Their taxable costs claims as testifying witnesses are disallowed. Ludington v. Sayers, supra,64 Conn. App. 780.
Two other issues have been raised by the Amended Bills of Costs: (1) costs incurred by the prevailing party in preparing the prevailing party's experts in depositions taken by the plaintiffs and 2) costs incurred in the preparation of prevailing party's own experts, whether that expert testifies or not.
The legislature made some technical changes in the language of General Statutes § 52-260 (f) in Public Act 01-84. The legislature made substantial changes in that same section earlier in the last session of legislature in Public Act 01-32. P.A. 01-32 amended General Statutes § 52-260 (f) by deleting "is summoned to give" and substituted therein, "gives" and also added the phrase "including by means of a deposition" right after the existing language of "expert testimony in any action or proceeding." Section 12 was also added to General Statutes § 52-257 (b) by P.A. 01-32 which reads as follows: "(12) for the recording, videotaping, transcribing, and presentation of the deposition of a practitioner of the healing arts, as defined in section 20-1, dentist, registered nurse, advanced practice registered nurse, or licensed practical nurse, as defined in section 20-87 (a), or real estate appraiser that is used in lieu of live testimony in a civil action, the reasonable expenses incurred." It appears that the legislature, in direct response to DeMatteo and the results reached in Ludington, amended the law by P.A. 01-32 to permit depositions of experts to be used at the trial in lieu of their live testimony and include as taxable costs the recording, videotaping, transcribing and presentation of that deposition in court. These depositions in lieu of live testimony are now taxable.Pratt v. Gerardi, Superior Court, judicial district of Windham at Putnam, Docket Number CV97-0056293-S (August 22, 2001, Foley, J.) (30 Conn. L.Rptr. No. 7) (7 Conn. Ops. 1052). See also Keans v.Bocclarelli, 35 Conn. App. 237, 245 (1994) for the former rule. None of the five disputed medical experts testified by deposition in lieu of live testimony at trial. Their costs for taking the depositions are not allowed. The issue of preparation costs will be discussed separately. CT Page 14110
There is a split in the superior court concerning whether or not preparation costs for the deposition and court testimony of an expert witness is permitted. "There are no decisions from the Supreme or Appellate Courts as to whether a medical expert witness' preparation time is recoverable under § 52-260) (f)." Lafleur v. St. FrancisHospital, Superior Court, judicial district of Hartford at Hartford, Docket No. CV96-0565398 (January 24, 2001, Aurigemma, J.) (7 Conn. Ops. 119) (2001 Ct. Sup. 1654). This motion covers that issue: a) Dr. Kashgarian as the Hospital's own expert who testified at trial and had to be prepared for his deposition and trial testimony, b) Drs. Kotsoris, Miller and Stahl, who testified as plaintiffs' experts. Their depositions were taken by the Hospital. The deposition attendance costs and their preparation costs for these depositions were no doubt paid for by the Hospital, and c) Drs. Allmendinger and Dudrick, the Hospital's own experts, who did not testify at trial but had to be prepared for their depositions taken by the plaintiffs.
A recent case discussed in detail that split in authority. Liberman v.Deming, Superior Court, judicial district of Hartford at Hartford, Docket No. CV97-0572990S (September 19, 2000, Fineberg, J.)
(28 Conn. L.Rptr. 145) (2000 Ct. Sup. 11327) ("There is merit to both positions, pro and con. ") Liberman reviewed the trial court decisions on both sides before and after April 23, 1996, the official release date of M. DematteoConstruction Co. v. New London, 236 Conn. 710 (1996). DeMatteo concluded that the trial court had no statutory authority under General Statutes §§ 12-117A and 52-260 (f) to allow preparation time of an expert appraiser as a taxable cost.
Furthermore, the Connecticut Legislature has already provided for deposition costs. P.A. 01-32. It knew how to add preparation costs if it wanted to do so. It permitted the deposition costs in worker's compensation case under General Statutes §§ 31-312, ("testimony in connection with the claim.") and 31-298 ("payment for oral testimony or deposition testimony rendered on his behalf by a competent physician surgeon or other medical provider." No such deposition testimony in civil cases was authorized as taxable costs until Public Act 01-32. This court holds that expert preparation costs for trial testimony and expert preparation costs for depositions are not taxable costs. Pratt v.Gerardi, supra, Superior Court, Docket Number CV97-0056293-S.
The court officer allowed as costs items A1, 2, 3 and 4 and this court confirms that order and will approve the Amended Bills of Costs for these four items: $50.00; $75.00; $200.00; and $650.00 respectfully.
 Conclusion
CT Page 14111
This court therefore, has concluded that the Motion For Review of Costs filed by defendant Stamford Hospital must be denied. The following taxation costs is ordered:
(A) 1. All proceedings before trial $ 50.00
2. Trial of issue of law 75.00
3. Difficult case in which defense was deposed 200.00
4. Depositions 650.00
5. Maps, plans, drawings and photographs
 (b) Concord Communications 77.38 (c) New Vision Photolab 116.60 (d) Computer Graphic Resources 6.36 (e) Classic Graphic Corp. 164.30 (f) Classic Graphic Corp. 1,140.67
6. Investigative Costs and Expenses 200.00
(B) Expert Witness Fees 1. Dr. Michael Kashgarian 2,875.00
Total Costs: $5,555.31
BY THE COURT,
KEVIN TIERNEY, J.